STATE of Minnesota, Respondent,

v.

Anthony J. MONTGOMERY, a.k.a. Cole Hamilton, Appellant.

No. C5–84–2240.

Court of Appeals of Minnesota.

March 12, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

SEDGWICK, Judge.

### FACTS

Appellant pleaded guilty to second degree felony murder, Minn.Stat. § 609.19(2) (1982), for stabbing Edward Murray to death on April 22, 1984. Appellant was sentenced to 102 months in prison, the low end of the presumptive sentence under the Minnesota Sentencing Guidelines for second degree felony murder (102–108) based on a severity level IX offense and criminal history score of 0. On appeal he maintains the trial court erred in not granting his request for a downward durational departure.

### DECISION

In *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981), the Minnesota Supreme Court stated:

> [W]e do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

Appellant contends he was not the aggressor, he had an actual belief his life was in danger, the fatal wound was caused by an accident, the underlying felony of assault in the second degree is a less serious crime than other crimes that can constitute the underlying felony, and that the victim's two sisters supported a downward departure. Appellant was given the shortest possible presumptive sentence and the trial court did not err in refusing to depart downward.

Affirmed.