STATE of Minnesota, Appellant,

v.

Christopher Kaumana LARSON,
Respondent.

No. C5–91–507.

Court of Appeals of Minnesota.

Aug. 6, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard M. Arney, Washington County Atty., Stillwater, for appellant.

William A. Blonigan, Korba & Blonigan, P.A., St. Anthony, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI, and SCHUMACHER, JJ.

## OPINION

HUSPENI, Judge

Appellant State of Minnesota alleges the trial court erred in sentencing respondent when it granted him a downward dispositional departure. We affirm.

## FACTS

On July 22, 1990, respondent Christopher Kaumana Larson, age 23, spent the day drinking and tubing down the Apple River with his friends. Late in the day, Mike Willey picked a fight with respondent by spitting on him and punching him in the face. Both men were intoxicated. Respondent, who had not known Willey before this altercation, did not escalate the fight; he shook Willey's hand and said everything was "cool." As they parted company, Willey threatened to kill respondent and his friends if he got his hands on them.

Willey and friends then got into a car which Jason Lucking was driving. As respondent crossed the street, Lucking swerved his car, brushed against respondent and hit his arm. Respondent and friends also got into a car and left, heading back to Minnesota. Respondent met up with Lucking again along Washington County roads 14 and 21.

A car chase ensued: Lucking's vehicle in front, respondent's vehicle behind. Respondent rear-ended Lucking once by accident and two more times on purpose. Respondent pulled up alongside of Lucking and struck the left side of his vehicle. The impact caused both cars to go into the ditch. Lucking's car rolled over and landed on its roof. Respondent drove his car a short distance farther and then he and all passengers abandoned it.

Police found respondent walking along the road. He said he realized what he did was wrong and was ready to turn himself in to police. Willey was seriously injured from the roll-over, was hospitalized and may experience permanent injury to his eye and ear. Another passenger was taken to the hospital and released. Lucking and the other passenger were not injured.

Respondent pleaded guilty to four counts of second degree assault in Washington County District Court. The court ordered a presentence investigation (PSI). After argument and testimony at the sentencing hearing, the trial court adopted the recommendation set forth in the PSI, and departed dispositionally by sentencing respondent to 34 months, stayed, and placing him on probation for 20 years under the supervision of Washington County. The trial court also ordered six months jail time as a condition of probation, imposed conditions regarding counseling, sobriety, urinalysis, and restitution, and ordered participation in an intensive supervised probation program through Washington County.

The court filed a departure report three days after the hearing which enumerated its reasons for departure from the presumptive sentence. At oral argument before this court, counsel for both parties discovered for the first time the existence of this report. After oral argument, this court permitted the parties to submit supplemental memoranda on the effect of the departure report on the issue of sentencing.

## ISSUE

Did substantial mitigating factors exist to justify the trial court's dispositional departure from the presumptive executed sentence required by the sentencing guidelines?

## ANALYSIS

Sentencing rests within the broad discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). Appellant first argues that departure was not warranted in this case because second degree assault carries with it a mandatory minimum sentence under Minn.Stat. § 609.11, subd. 9 (Supp.1989).

At first blush, it would appear that the trial court was required to sentence respondent to the mandatory minimum term because he pleaded guilty to four counts of assault in the second degree,[1] a crime with a mandatory minimum term of imprisonment of one year and one day. Minn.Stat. § 609.11, subd. 4 (1988). The trial court may not stay imposition or execution of a sentence "when a mandatory minimum term of imprisonment is required by section 609.11." Minn.Stat. § 609.135, subd. 1 (1988). This explicit exception to the general rule allowing stayed sentences " 'conclusively eliminate[s] the possibility of probation in cases coming under the minimum-sentence statute.' " *State v. Jonason*, 292 N.W.2d 730, 733 (Minn.1980) (quoting *State v. Moose*, 266 N.W.2d 521, 525–26 (Minn. 1978)). Furthermore, the rules surrounding mandatory minimum sentences require that any defendant convicted and sentenced for a crime listed under section 609.11 may not be eligible for probation or supervised release "until that person has served the full mandatory minimum term of imprisonment as provided by law." Minn.Stat. § 609.11, subd. 6.

■ Further analysis, however, reveals that Minn.Stat. § 609.11, subd. 8, gives the trial court the power to sentence *without* regard to the mandatory minimum sentence prescribed by law:

> Prior to the time of sentencing, the prosecutor may file a motion to have the defendant sentenced without regard to the mandatory minimum terms of imprisonment established by this section. The motion shall be accompanied by a statement on the record of the reasons for it. When presented with the motion and if it finds substantial mitigating factors exist, *the court shall sentence the defendant without regard to the mandatory minimum terms of imprisonment* established by this section.

(Emphasis added.) The Minnesota Supreme Court has interpreted this statute to allow the *trial court*, sua sponte, to sen-tence without regard to the mandatory minimum term if it finds that substantial mitigating factors exist. *State v. Olson*, 325 N.W.2d 13, 19 (Minn.1982) (chaining the court's power to the discretion of the prosecutor would violate the separation of powers doctrine and the constitution). Thus, the decision to sentence without regard to the mandatory minimum term rests within the discretion of the trial court. *State v. Cerceo*, 354 N.W.2d 823, 824 (Minn.1984).

■ We conclude that the trial court's dispositional departure was a warranted exercise of discretion so long as the court found that substantial mitigating factors existed to justify the departure. Minn. Stat. § 609.11, subd. 8.

> A stay of imposition or execution for the case constitutes a mitigated dispositional departure. * * * Written reasons which specify the substantial and compelling nature of the circumstances and which demonstrate why the sentence selected is more appropriate, reasonable or equitable than the presumptive sentence are required.

Minn.Sent.Guidelines comment II.E.03.

■ Minn.Sent.Guidelines II.D.2.a presents a nonexclusive list of mitigating factors which the court may use for departure:

> (1) The victim was an aggressor in the incident.
>
> (2) The offender * * * participated under circumstances of coercion or duress.
>
> \*    \*    \*    \*    \*    \*
>
> ■ Other substantial grounds exist which tend to excuse or mitigate the offender's culpability, although not amounting to a defense.

In addition, "a defendant's particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence." *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982).

---

**1.** Under Minn.Stat. § 609.222 (1988), "[w]hoever assaults another with a dangerous weapon" is guilty of assault in the second degree.

Here, appellant's presumptive sentence was a 34–month commitment to the state commissioner of corrections. The trial court chose instead to depart dispositionally and stay execution of the sentence, place respondent on probation for 20 years, and impose several conditions upon that probation.

■ To justify dispositional departure, the trial court said at the hearing:

I am disposed to follow the recommendations of the Department of Court Services. I think society would be best served, and chances of rehabilitation made more possible, by following that suggested program.

In the written departure report, the trial court found that respondent may have acted under duress, that Willey was the initial aggressor in the incident when he hit and threatened respondent, and that respondent had exhibited conduct during his first treatment session which suggested that he was amenable to recovery and rehabilitation. The court also reiterated the strict conditions of probation.

Appellant argues that these reasons do not constitute substantial mitigating factors to justify a dispositional departure. We cannot agree. The sentencing guidelines acknowledge victim aggression and duress as valid mitigating factors. In reviewing the evidence on record, we conclude that the trial court based its departure on substantial mitigating factors. We note further that even if the court had not stated adequate reasons for departure on the record, the evidence on record in this case is sufficient to justify the departure. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985).

■ Finally, appellant argues that the trial court improperly ordered intensive community supervision because respondent did not meet the statutory requirements. Minn.Stat. §§ 244.12–.15 (1990) establishes intensive community supervision, a new program which allows certain offenders who meet the eligibility requirements to be placed under supervision at a facility as an alternative to serving time in prison. The statute declares explicitly that "offenders who were committed to the commissioner's custody under a statutory mandatory minimum sentence" are not eligible for this program. Minn.Stat. § 244.12, subd. 3. While we agree with appellant that respondent, indeed, is ineligible for the intensive supervision program under section 244.12, that ineligibility arises not from the fact that respondent was convicted of an offense that carries a mandatory minimum sentence, but rather because he was never committed to the custody of the commissioner of corrections.

■ Ineligibility of respondent under section 244.12, subd. 1, does not invalidate the court's order for intensive supervision, however. The trial court ordered respondent to "complete *an* intensive supervision program, *if eligible,* operated by the *Washington County* Department of Court Services." (Emphasis added.) That language does not require respondent to participate specifically in the state program. In addition, the county court services officer who appeared at the sentencing hearing stated that, in fact, Washington County would have an intensive supervision program in operation by the time respondent completed his jail term. Thus, respondent can comply fully with the conditions of probation set out by the trial court notwithstanding respondent's ineligibility for the intensive supervision program set forth in Minn.Stat. § 244.12.

## DECISION

The trial court did not err when it granted respondent a dispositional departure in his sentence for second degree assault. Duress, aggression by the victim, and amenability to rehabilitation and probation constituted substantial mitigating factors to justify the departure. The trial court did not err when it ordered respondent to Washington County's intensive supervision program as a condition of probation.

Affirmed.