*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0134**

State of Minnesota,
Respondent,

vs.

Roger Darnell Webb,
Appellant.

**Filed September 8, 2014
Affirmed
Hudson, Judge**

Ramsey County District Court
File No. 62-CR-13-4228

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Laura Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

**UNPUBLISHED OPINION**

**HUDSON**, Judge

Appellant challenges the district court's imposition of the presumptive guidelines sentence following his conviction of first-degree assault, arguing that the district court abused its discretion by declining to order a downward dispositional departure because the victim acted as the initial aggressor and because additional mitigating factors supported a departure. We affirm.

## FACTS

The state charged appellant Roger Darnell Webb with one count of first-degree assault in violation of Minn. Stat. § 609.221, subd. 1 (2012), after an incident in which appellant stabbed a person with a knife during an altercation. Appellant pleaded guilty without an agreement with the state, but with the understanding that the defense would argue for a downward dispositional departure.

As the factual basis for his plea, appellant acknowledged that, when the incident occurred, he was spending time at his girlfriend's duplex, where people were drinking late at night. He admitted that he had a fillet knife in his possession and that he had a confrontation with D.C., his girlfriend's brother, who did not have a weapon. He told the district court that D.C. assaulted him, but that he was not asserting self-defense. He acknowledged that he stabbed D.C. with the knife, perforating part of D.C.'s heart, and that he had no reason to doubt that D.C. had permanent injuries or a medical opinion that D.C. suffered great bodily harm.

Appellant moved for a downward dispositional sentencing departure. He argued that the victim attacked him first, although he did not claim self-defense because the force he used was disproportionate to the attack. He also maintained that he was amenable to probation because he expressed remorse, he committed the offense while drunk, a rule 25 evaluation showed him to be very dependent on alcohol, and he would take advantage of available chemical-dependency programming. The prosecutor objected, arguing that neither self-defense nor intoxication was noticed as a defense; that the victim nearly died and had serious, permanent injuries; and that a less-than-guidelines sentence would diminish the seriousness of the offense. D.C. told the district court that his injuries had damaged him for the rest of his life. Addressing the district court, appellant stated that he would like to apologize, he never intended to injure D.C., and he was only carrying the knife because he was planning a fishing trip.

The district court sentenced appellant to 104 months, the low end of the presumptive guidelines sentence for his offense. The district court stated:

> If only there had been better judgment even among people who had consumed a good bit of alcohol. The fact that [appellant] . . . carried a knife and chose to use it. And I do think that's a choice. . . . I think Mr. Webb it's important for you to know that you have support, but you also have, here in your presence, a person who is lucky to be alive after [] very dramatic, harmful actions on your part.

The district court continued addressing appellant:

> I understand that you are a person who is now remorseful and I don't disrespect that; but, the sentencing guidelines set forth the community's expectations for what will happen in a situation like this. The range of what the sentencing guidelines call for is . . . between 104 months and 148

3

months. The recommendation, the presumptive duration is 122 months. Out of respect for your showing of remorse and the fact that this was the product of a plea, I will go to the low end of the box, which is 104 months. But, I think that is at least within the guidelines while giving you something of a break.

This sentencing appeal follows.

## D E C I S I O N

Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure. A district court may depart from the presumptive guidelines sentence only if "identifiable, substantial, and compelling circumstances" warrant such a departure. Minn. Sent. Guidelines 2.D (2012). "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985). Appellate courts apply an abuse-of-discretion standard to the district court's decision to impose a presumptive sentence rather than a downward dispositional departure. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). This court will only reverse a district court's refusal to depart in a "rare" case. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The Minnesota Sentencing Guidelines list several nonexclusive factors to justify a downward departure, including that "[t]he victim was an aggressor in the incident." Minn. Sent. Guidelines 2.D.2.a.(1) (2012). Appellant argues that, although he did not claim self-defense, he was only acting in response to the victim's initial aggression. *See id*. at 2.D.2.a.(5) (2012) (stating as a departure factor "[o]ther substantial grounds . . .

4

which tend to excuse or mitigate the offender's culpability, although not amounting to a defense"). Appellant cites *State v. Larson*, 473 N.W.2d 907, 910 (Minn. App. 1991), in which this court concluded that the district court did not abuse its discretion by issuing a downward dispositional departure when it found that the defendant, who pleaded guilty to second-degree assault, may have acted under stress, and that the victim was the initial aggressor. In *Larson*, the victim started a fight with the defendant; the defendant did not escalate that fight, but later struck the victim's car with his own vehicle. *Id.* at 908.

Appellant argues that, as in *Larson*, both he and the victim were intoxicated, and that he initially attempted to end an encounter with the victim. But *Larson* upheld the district court's discretion in ordering a dispositional departure. *See id.* Here, in contrast, appellant seeks to reverse the district court's decision not to depart from the presumptive sentence. And, unlike in *Larson*, appellant escalated the conflict by pulling a knife and using it to attack D.C. We conclude that, based on this record, the district court did not abuse its discretion by declining to depart from the presumptive sentence on the basis that the victim was the initial aggressor.

Appellant also argues that additional mitigating factors support a downward dispositional departure. While the sentencing guidelines focus primarily on "the degree of a defendant's culpability," when considering a downward dispositional departure, the district court may "focus more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983). A significant consideration in determining whether to grant a dispositional departure is the defendant's amenability to probation. *State v.*

*Wright*, 310 N.W.2d 461, 462 (Minn. 1981). A defendant's amenability to probation, in turn, depends on a number of factors, which can include "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982).

Appellant maintains that many of the *Trog* factors were present because he showed remorse, accepted responsibility for the offense, and has the support of family and friends. He also argues that he showed amenability to treatment in a probationary setting for his alcohol dependence, which was determined in a rule 25 assessment. But the presence of some mitigating factors does not require the district court to order a dispositional departure. *See State v. Olson*, 765 N.W.2d 662, 664–65 (Minn. App. 2009) ("[T]he district court has discretion to impose a downward dispositional departure if a defendant is particularly amenable to probation, but it is not required to do so.").

Appellant also points out that when compelling circumstances for departure exist, the district court must deliberately consider those factors before imposing the presumptive sentence. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). But if a district court carefully evaluates all testimony and information prior to its sentencing determination, an appellate court will not interfere with the district court's exercise of discretion when it imposes a presumptive sentence. *State v. Van Ruler*, 378 N.W.2d 77, 80–81 (Minn. App. 1985). Here, the record shows that, when it imposed a sentence at the low end of the guidelines range, the district court expressly considered appellant's remorse and the support of his family, but it also properly addressed the sentencing guidelines as an expression of community expectations and appellant's use of a weapon

6

in committing the offense.  The district court did not abuse its discretion by declining to depart from the presumptive sentence.

**Affirmed.**