*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1988**

State of Minnesota,
Respondent,

vs.

Dimitri Devonte Harrell,
Appellant

**Filed November 14, 2016
Affirmed
Worke, Judge**

Ramsey County District Court
File No. 62-CR-15-2462

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Adam E. Petras, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Worke, Judge; and Ross, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his second-degree murder sentence, arguing that the district court abused its discretion by failing to consider mitigating factors and denying his motion for a downward durational departure. We affirm.

## FACTS

On or about April 5, 2015, several individuals were visiting the apartment shared by appellant Dimitri Devonte Harrell, his girlfriend, S.W., and their infant daughter. Harrell arrived home late and attempted to remain undetected by S.W., who was in the bedroom with their daughter, but S.W. became aware of Harrell's presence and confronted him. Harrell and S.W. argued, and Harrell went to the bedroom to pack his belongings and leave. S.W. and Harrell continued to fight in the bedroom. Harrell, a felon who is ineligible to possess a firearm, pulled out a gun and shot S.W. in the face.

Witnesses reported that during the argument they heard Harrell attempting to push his way out of the bedroom. One witness heard Harrell "punchin' on [S.W.] [and] slammin' her around." Witnesses also heard Harrell tell S.W. to stop hitting him while he held their daughter, and heard S.W. comment about Harrell hitting her with a gun. After the shooting, one witness reported that Harrell appeared to be in shock, and another witness heard Harrell say, "I didn't mean to." Harrell gave the gun to one of the witnesses and told him to "do something with this," before fleeing.

Harrell pleaded guilty to second-degree murder. Harrell admitted that he argued with S.W. in the presence of their daughter, pulled out a gun, touched it to S.W.'s face,

and intentionally shot the gun out of anger. The state sought an upward durational departure because Harrell murdered the victim in the presence of their child. Harrell moved for a downward durational departure, claiming that "he had no good options" when S.W. was the aggressor and he was under duress and experiencing temporary loss of control provoked by the victim.

The district court sentenced Harrell to the presumptive sentence of 366 months in prison. The district court stated:

> [T]he court denies [Harrell's] motion for a downward departure. On the first basis, the [c]ourt finds the victim was not the aggressor. The record shows that she may have initially confronted [Harrell] for being out late and generally for not helping out enough with her and her child. The nature of this [argument] is not enough to characterize the victim as an aggressor. Even assuming it is true that once inside the bedroom, the victim "muffed" [Harrell's] face, that is not enough of an aggressive act to mitigate [Harrell's] conduct.
>
> [Harrell's] conduct, including pulling out a gun, whether or not he hit her with it, that conduct cannot, in any way, be characterized as de-escalating the dispute. [Harrell's] additional actions are so out of proportion to the argument and the actions of the victim that the [c]ourt cannot conclude the facts here present a mitigating factor. . . .
>
> Turning to grounds 2 and 3, taken together, neither of these two grounds justify a departure either. . . .
>
> The [c]ourt finds [Harrell] had any number of options. His options weren't nearly as limited as characterized in [Harrell's] brief. [Harrell's] options exclude one obvious one: Harrell could have called for assistance. They also exclude any other attempts to de-escalate the situation. Moreover, the [c]ourt believes that [Harrell mischaracterizes] the ability [he] had to . . . leave the bedroom without doing any danger to himself or the child.

3

> The facts here . . . show [Harrell] did not take any of those options. Simply put, the facts here . . . are not sufficient to constitute a mitigating factor.

The district court also denied the state's motion for an upward departure because Harrell accepted responsibility, expressed regret, and acknowledged that his child's presence constituted an aggravating factor. This appeal follows.

## DECISION

Harrell argues that the district court abused its discretion by denying his request for a downward durational departure. "[Appellate courts] afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted).

The Minnesota Sentencing Guidelines prescribe a presumptive sentence and a range of sentences that are presumed to be appropriate. *Id.* at 308. An appellate court will not ordinarily interfere with a sentence that is within the presumptive range even when grounds exist that justify a departure. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006); *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) ("[I]t would be a rare case which would warrant reversal of the refusal to depart."). A district court may grant a downward durational departure if it finds that the defendant's conduct was significantly "less serious than that typically involved in the commission of the crime in question." *State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984).

Harrell argues that his offense was significantly less serious than the typical second-degree murder offense because S.W. was the aggressor, he acted under duress, in

4

self-defense, defense of others, and in the heat of passion. Harrell claims that the district court failed to adequately consider these mitigating factors.

While a "district court is not required to explain its reasons for imposing a presumptive sentence," *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013), a sentence should be reversed for consideration of mitigating factors when a district court fails to exercise its discretion in considering arguments for departure. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). Here, the district court considered Harrell's arguments for a downward durational departure and the state's reasons for an upward departure and imposed the presumptive sentence.

The district court concluded that although S.W. may have confronted Harrell for coming home late and later "muffed" his face, her actions were not enough to characterize her as the aggressor. The district court also stated that Harrell's actions were "so out of proportion" to the argument that S.W. could not be considered the aggressor. The district court also determined that Harrell was not acting under duress or in self-defense because he had several options to deescalate the dispute, but failed to attempt any of them. Thus, the district court considered Harrell's arguments for a departure, but concluded that a departure was not warranted. *See Johnson*, 831 N.W.2d at 925 (stating that this court will affirm a presumptive sentence when the record shows that the district court carefully evaluated the information presented before making a sentencing decision). Even if the district court had concluded that mitigating factors existed, that conclusion would merely permit a departure, it would not require it. *See State v. Jackson*, 749

5

N.W.2d 353, 360 (Minn. 2008) (stating that if mitigating factors are shown, the district court may, but is not required to, depart); *Bertsch*, 707 N.W.2d at 668 (stating that the district court is not obligated to depart even when mitigating factors are present).

The record here supports the district court's denial of Harrell's departure request. A district court may depart when it concludes that the victim acted as the aggressor. Minn. Sent. Guidelines 2.D.3.a.(1) (2014). Harrell pulling a gun out of his pants, that he was not legally allowed to possess, touching it to S.W.'s face, and then shooting her in the face in the presence of their daughter is a disproportionate response to a domestic argument. *See State v. King*, 367 N.W.2d 599, 603 (Minn. App. 1985) (stating that the district court did not abuse its discretion by refusing to depart from the presumptive sentence because appellant's contention that she was not the aggressor in the incident was not clear from the evidence).

Harrell also argues that the "barrage of verbal abuse, attempted physical altercation by [S.W.], and a crying child amounted to duress that any reasonable person would feel." A mitigating factor exists when the "offender played a minor or passive role in the crime or participated under circumstances of coercion or duress." Minn. Sent. Guidelines 2.D.3.a.(2) (2014).

In *State v. Larson*, the district court determined that the defendant was entitled to a dispositional departure after he and his friends got into a fight with a group of men that resulted in a car chase and the defendant causing both vehicles to go into the ditch. 473 N.W.2d 907, 908, 910 (Minn. App. 1991). The district court determined that the departure was warranted because the defendant may have acted under duress when

6

someone in the other group initiated the incident by spitting on the defendant and punching him in the face, and then threatening to kill the defendant after the defendant attempted to deescalate the fight. *Id.* In *State v. Hennum*, the supreme court determined that a departure was justified when the victim physically abused the defendant on the night of the incident and had subjected her to severe physical and mental abuse throughout their relationship. 441 N.W.2d 793, 801 (Minn. 1989). This case is not similar to *Larson* or *Hennum*.

In *State v. McKissic*, this court rejected the argument that the defendant was entitled to a durational departure because his actions were less severe than the typical assault with a deadly weapon because, even if he was not the initial aggressor, he carried a loaded gun and extra ammunition with him when he went out drinking and used it in an unreasonable manner. 415 N.W.2d 341, 346 (Minn. App. 1987). And in *State v. Montgomery*, this court held that the district court did not abuse its discretion in refusing to depart even though the defendant contended that he was not the aggressor, he believed his life was in danger, and the fatal stab wound was caused by an accident. 363 N.W.2d 869, 870 (Minn. App. 1985), *review denied* (Minn. May 20, 1985). The defendants in *McKissic* and *Montgomery* presented arguments that were more compelling than Harrell's argument, but each was denied his request for a departure.

Here, Harrell failed to show that S.W. was the aggressor, Harrell illegally possessed a loaded gun, and the shooting was intentional. Further, the presence of a crying child during a domestic dispute does not cause duress that would mitigate the act of shooting a domestic partner in the face. Harrell acknowledged that he intentionally

7

shot S.W. out of anger. Intentionally acting out of anger and acting under duress are entirely different. *See The American Heritage College Dictionary* 51 (3rd ed. 2000) (defining anger as "strong feeling of displeasure or hostility"); *Black's Law Dictionary* 579 (9th ed. 2009) (defining duress as "threat of harm made to compel a person to do something against his or her will or judgment").

Finally, Harrell argues that he acted in the heat of passion. Acting this way could be considered a mitigating factor as another "substantial" factor that tends to "excuse or mitigate the offender's culpability, although not amounting to a defense." Minn. Sent. Guidelines 2.D.3.a.(5) (2014). Harrell asserts that his acceptance of responsibility and expression of regret bolsters the argument that he was acting in the heat of passion rather than acting as a typical callous second-degree murderer. Instead of viewing Harrell's acceptance of responsibility and expression of regret as mitigating factors, the district court found these to be reasons to deny the state's motion for an aggravated sentence. This is not a rare case in which reversal of imposition of the presumptive sentence is warranted. The district court did not abuse its discretion.

**Affirmed.**