STATE of Minnesota, Respondent,

v.

**Joshua Stafford BERTSCH, Appellant.**

No. A04–0177.

Supreme Court of Minnesota.

Jan. 10, 2006.

Theodora Gaitas, Lawrence Hammerling, Deputy State Public Defenders, for appellant.

Mike Hatch, Atty. Gen., Susan Gaertner, Ramsey County Atty., Jeanne L. Schleh, Asst. Cty. Atty., for respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

This appeal arises out of the convictions and sentences Joshua Stafford Bertsch received for dissemination and possession of pornographic work involving minors. Both parties petitioned this court to review a decision of the Minnesota Court of Appeals affirming the district court in part, reversing in part, and remanding for resentencing. We hold that Bertsch's convictions and sentences for possession of child pornography must be vacated under Minn.Stat. § 609.04 (2004) as included offenses, that the district court did not abuse its discretion in its assignment of a severity level to the dissemination offense, and

that the district court did not err in refusing to grant Bertsch a dispositional departure. Accordingly, we affirm in part and reverse in part.

On May 2, 2003, authorities with the Minnesota Internet Crimes Against Children Task Force (MICAC) executed a search warrant at Bertsch's dormitory room at his college in St. Paul. The warrant was based on information MICAC had received from Illinois authorities that a computer server operating out of Bertsch's room was distributing child pornography. During the execution of the warrant, Bertsch spoke with authorities and admitted using a laptop computer as a server to distribute and receive child pornography. Bertsch estimated five gigabytes of files containing child pornography had passed through his server in the last 30 days.

On May 8, 2003, based on Bertsch's statements and a forensic examination of his computer, Bertsch was charged with one count of dissemination of child pornography and 19 counts of possession of child pornography. On August 11, 2003, Bertsch pleaded guilty to all charges and the district court accepted his plea. Bertsch understood that he had no agreement with the state regarding sentencing. On October 28, 2003, the state filed an amended complaint. This complaint contained two amendments: (1) a specific computer file name was added to every count charging possession and (2) the date of count I (dissemination) was changed from "April 2003 through the 1st day of May, 2003" to "April 2003." The date of the possession offenses remained "on or about the 1st day of May, 2003." Sentencing was held on November 4, 2003. The district court assigned severity levels to Bertsch's offenses: his dissemination offense was ranked as a level VIII offense; 14 of the possession offenses were ranked

at level IV; and five possession offenses were ranked at level V. The district court imposed sentences on all counts. The total sentence imposed was 78 months imprisonment—48 months for the dissemination offense, a consecutive 12 months and a day for possession of still images, and a consecutive 18 months for possession of movie images. The remaining 17 counts were sentenced concurrently. The district court stated that it considered the sentence a "mitigated disposition" but acknowledged that it had not departed downward from the presumptive sentence.

On appeal to the Minnesota Court of Appeals, Bertsch raised four challenges to the district court's sentences: (1) his convictions for possession of child pornography must be vacated under Minn.Stat. § 609.04 as included offenses; (2) under Minn.Stat. § 609.035 (2004), he cannot receive multiple sentences for the 19 counts possession of child pornography; (3) the district court abused its discretion in its assignment of severity levels to the offenses; and (4) the district court's discretionary decision to deny Bertsch's request for a downward dispositional departure should be reversed. The court of appeals held that Bertsch's convictions and sentences did not violate either Minn.Stat. § 609.04 or Minn.Stat. § 609.035 and that the district court did not abuse its discretion in denying Bertsch's request for a dispositional departure. *State v. Bertsch,* 689 N.W.2d 276, 280 (Minn.App.2004). The court of appeals remanded Bertsch's sentences, however, holding that the district court's severity level assignment to the dissemination offense was not supported by sufficient findings and that different severity levels assigned to the possession offenses were not appropriate. *Id.* at 291–93. Before this court, Bertsch challenges his convictions and sentences on the same four grounds he raised at the court of appeals, and the state challenges the

determinations of the court of appeals concerning the district court's assignment of severity level rankings.

## I.

Bertsch was convicted and sentenced on one count of dissemination of pornographic work involving minors, Minn.Stat. § 617.247, subd. 3 (2004), and 19 counts of possession of such works, *id.*, subd. 4. On appeal, Bertsch contends that possession of child pornography is an included offense of dissemination of child pornography, and therefore, under Minn.Stat. § 609.04, his convictions and sentences for the possession offenses must be vacated. The court of appeals concluded that possession of a pornographic work involving a minor is an included offense of dissemination. *Bertsch*, 689 N.W.2d at 283. The court of appeals went on to hold, however, that the distinct dates on which the dissemination and possession offenses occurred, as stated in the amended complaint, made Bertsch's separate convictions and sentences permissible notwithstanding section 609.04. *Bertsch*, 689 N.W.2d at 284.

■■■ One may not be convicted of both the crime charged and "[a] crime necessarily proved if the crime charged were proved." Minn.Stat. § 609.04, subd. 1(4).[1] To determine whether an offense is an included offense falling under this statute, a court examines the elements of the offense instead of the facts of the particular case. *State v. Roden*, 384 N.W.2d 456, 457 (Minn.1986). An offense is "necessarily included" in a greater offense if it is impossible to commit the greater offense without committing the lesser offense. *Id.*

Based on the elements of both offenses, we hold that possession of a pornographic work involving a minor is an included offense of dissemination of such a work. *See* Minn.Stat. § 617.247, subds. 3(a), 4(a).[2]

■■■ But even if a person pleads guilty to or is found guilty of a greater offense and an included offense, the protections of section 609.04 will not apply if the offenses constitute separate criminal acts. *See State v. Kemp*, 305 N.W.2d 322, 326 (Minn. 1981). The inquiry into whether two offenses are separate criminal acts is analogous to an inquiry into whether multiple offenses constituted a single behavioral incident under Minn.Stat. § 609.035. *See Kemp*, 305 N.W.2d at 325–26. Factors considered when analyzing whether conduct is a single behavioral incident include "time and place * * * [and] whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective." *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 524–25 (1966) (emphasis omitted).

Analysis of the timing of the dissemination offense and possession offenses in this case is complicated by the existence of two versions of the complaint. The state argues that because the possession offenses occurred on a different day than the dissemination offense, the possession offenses are not included offenses under section 609.04. The state implicitly relies on a material and significant amendment to the complaint in making this claim. But Bertsch pleaded guilty to the *original* complaint, admitted to the facts as alleged by the state in the original complaint, and

---

1. "Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following: * * * A crime necessarily proved if the crime charged were proved." Minn.Stat. § 609.04, subd. 1.

2. The state concedes that, based solely on the elements of the offenses, possession of a pornographic work involving a minor is an included offense of the dissemination of such a work.

his plea was properly accepted by the district court without objection by either party.

■ A valid guilty plea must be accurate, voluntary, and intelligent. *State v. Trott*, 338 N.W.2d 248, 251 (Minn.1983). A plea must be intelligent to ensure "that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea." *Id.* Here, the defendant can hardly be said to "understand the consequences of his plea" when the count to which he has pled is a moving target subject to later amendment by the state. The state cites no Minnesota authority permitting an amendment under such circumstances, and we have found none. We conclude that, in the absence of Bertsch's consent, the state could not amend the date of the dissemination offense once the district court accepted Bertsch's guilty plea. Therefore, the amendment is invalid and the original complaint controls this analysis. Consequently, the dissemination offense and possession offenses both occurred, at least in part, on May 1, 2003.[3]

■ Bertsch argues that his situation is similar to that of the defendant in *State v. Kemp*—a comparison we find persuasive. In *Kemp*, the defendant was convicted of several drug offenses, including the sale, possession with intent to sell, and the simple possession of cocaine. *Kemp*, 305 N.W.2d at 323. The simple possession charge was based on cocaine discovered during a warranted search of the defendant's apartment after the defendant sold cocaine to an undercover agent. *Id.* The district court determined that the offenses were part of a single behavioral incident and, pursuant to section 609.035, imposed a sentence on only one of the convictions. *Kemp*, 305 N.W.2d at 323. We held that this determination was not erroneous, and that it also applied for purposes of section 609.04. *Kemp*, 305 N.W.2d at 326. Because the offenses were part of the same course of conduct, the defendant could not receive a separate conviction for the simple possession under section 609.04. *See Kemp*, 305 N.W.2d at 326.

Like the defendant in *Kemp*, Bertsch's possession charges stemmed from a warranted search of his dwelling following illegal distribution. This court's decision in *Kemp* was based in part on the district court's finding that the offenses were a single behavioral incident. *Id.* at 325–26. Here the district court implicitly came to the opposite conclusion, imposing separate sentences for the dissemination count and possession counts after Bertsch referenced section 609.035 and argued that all the counts he faced were "one behavioral incident." Even under a deferential standard

---

**3.** Two additional points are worth noting with respect to the amendment of the complaint. First, while the record reveals that the state disclosed that it was seeking to amend the complaint by attaching a specific computer file name to each possession count, it is troubling that the state did not disclose to the district court or defense counsel that the amendment also included a change to the dates of dissemination in the dissemination count. Because we decide the amendment is invalid on other grounds, we need not decide whether the state's partial disclosure, inadvertent or otherwise, would also justify rejection of the amended complaint. In light of this partial disclosure and in the absence of notice to either the district court or defense counsel, however, we reject the state's argument that this issue should not be considered because it is raised for the first time on appeal. *See* Minn. R.Crim. P. 28.02, subd. 11, 29.04, sub.11. Second, the parties do not address, and we do not decide, if there are circumstances where a post-plea amendment of a criminal complaint might be appropriate. It is sufficient for purposes of this appeal to conclude that under these facts this amendment of the criminal complaint was not permissible.

of review, the district court's determination is erroneous. The dissemination offense and the possession offenses both occurred, at least in part, on May 1, 2003. The state has not shown that Bertsch's acts of possession and dissemination took place at significantly different times or with significantly different criminal objectives.[4] We do not hold that possession is always an included offense of dissemination, but the manner in which the state charged the offenses here makes it impossible to distinguish one offense from the other for the purposes of Minn.Stat. § 609.04. Because there is no evidence in the record that demonstrates Bertsch possessed the files named in the possession counts for a separate purpose than the files that were disseminated, the district court's implicit determination that the dissemination and possession offenses were not a single behavioral incident is erroneous, and, pursuant to *Kemp* and section 609.04, we vacate Bertsch's convictions and sentences for possession.[5]

### II.

A presumptive felony sentence is calculated using the severity of the offense and the offender's prior criminal record. *See* Minn. Sent. Guidelines II. Most offenses have an assigned severity level ranging from I to XI. Minn. Sent. Guidelines II.A. Certain offenses have no assigned severity level because they are rarely prosecuted or "because the underlying conduct included in the offense covers such a wide range of severity." Minn. Sent. Guidelines cmt. II.A.05. These unranked offenses include dissemination of pornographic works involving minors, as well as possession of such works. *See* Minn.Stat. § 617.247; Minn. Sent. Guidelines cmt. II.A.03.

When sentencing a defendant on an unranked offense, a district court must assign the offense a severity level. Minn. Sent. Guidelines cmt. II.A.05. When choosing a severity level, factors the district court may consider include:

the gravity of the specific conduct underlying the unranked offense; the severity level assigned to any ranked offense whose elements are similar to those of the unranked offense; the conduct of and severity level assigned to other offenders for the same unranked offense; and the severity level assigned to other offenders who engaged in similar conduct.

*State v. Kenard,* 606 N.W.2d 440, 443 (Minn.2000) (footnote omitted). No single factor is controlling, and the list of factors is not exhaustive. *Id.* On appeal, this court reviews a district court's severity level determination using an abuse of discretion standard. *See id.* at 442. The failure of the district court to state the factors and considerations supporting its decision on the record can be a reason to

---

4. Bertsch disseminated child pornography by making his computer files available to others through a server. As individuals downloaded pornographic files from Bertsch's computer, they would upload more pornographic files onto Bertsch's computer. Bertsch stated that he had not viewed "the vast majority" of the pornographic files on his computer, and that he only kept most of the files involving young children to distribute in exchange for files involving teenagers. As Bertsch notes, the state did not allege that Bertsch disseminated any specific files and did not attempt to dis-

tinguish the works Bertsch disseminated from the works he possessed.

5. Because we hold that Bertsch's convictions for possession of child pornography are included offenses under Minn.Stat. § 609.04 and must be vacated, we do not reach the issue of whether multiple sentences for multiple convictions of possession of child pornography are permissible under Minn.Stat. § 609.035.

find the district court abused its discretion. *See id.* at 442–43.

The district court thoughtfully and thoroughly explained its decision to rank the dissemination offense [6] as a level VIII offense as follows:

> I have carefully, in considering the ranking of [the offense], considered all of [the *Kenard* ] factors. The third particular factor, the conduct of similarly-situated offenders—from what I have been able to glean from everything that has been presented to me and from some additional cases that I have read—there is at this point in the law no case that is similarly situated in your particular instance and that is because of the incredibly large volume of child pornography that was maintained as part of your collection. Now that may be because [MICAC] is relatively new. * * * [I]t has been in operation perhaps * * * three and a half years. * * * However, these investigators that work in Minnesota were alerted by an investigator, I believe, in Illinois who indicated that there was a great deal of activity being run through your computer * * * and it was discovered that there was an extremely large amount of images that were maintained and, therefore, you had the ability to disseminate to others.
>
> So I think we're * * * in somewhat new territory in terms of these offenses being brought before the Court, and therefore, while I can take some guidance from the information presented to me by * * * the State[,] your lawyer, [and] the Guidelines Commission, * * * I am obviously not bound by those but have attempted to use those as guidance in your case.

The court of appeals remanded the determination of the severity level for the dissemination offense, stating, "[Bertsch's] large amount [of pornography] was effectively the sole factor on which the court relied"; and that *Kenard* "requires a more thorough analysis than is reflected on the record." *Bertsch,* 689 N.W.2d at 292. Bertsch contends that the district court abused its discretion by basing its ranking on the allegedly unprecedented size of his collection. He suggests level V as an appropriate alternate ranking.

An analysis of the *Kenard* factors in this case demonstrates that the district court did not abuse its discretion in ranking dissemination as a level VIII offense. Even assuming the size of Bertsch's collection was the only factor influencing the district court's decision, the district court, unlike the district court in *Kenard,* clearly stated the basis of its decision on the record. Regardless of whether Bertsch's collection was the largest found by MICAC, at his plea hearing Bertsch admitted having a "large collection" containing thousands of pornographic images of children which others could download from his server. The district court could use the size of Bertsch's collection in its analysis of the first, third, and fourth *Kenard* factors. The district court could rationally determine that the large size of Bertsch's collection increased the gravity of his conduct and made his conduct unlike that of others convicted of dissemination. *See Kenard,* 606 N.W.2d at 443.

Analysis of the remaining *Kenard* factor, the severity level assigned to any ranked offense with elements similar to those of dissemination, *id.,* also demonstrates that the district court did not abuse its discretion in this case. Both Bertsch and the

---

6. Because we hold that Bertsch's convictions for possession of child pornography must be vacated under Minn.Stat. § 609.04, we do not address whether the district court abused its discretion in its assignment of severity levels to the possession offenses.

state list other offenses they argue are analogous to dissemination. Bertsch lists offenses ranked at severity level V; the state lists offenses ranked at severity level IX. *None* of these suggested offenses have the same elements as dissemination, and the presence of reasonable disagreement as to whether disseminating large amounts of graphic child pornography is more similar to the offenses cited by one party or the other leads to the conclusion that the district court did not abuse its discretion. We hold that the district court performed an adequate analysis under the *Kenard* factors and did not abuse its discretion by ranking dissemination as a level VIII offense. Thus, we reverse the court of appeals on this issue.

### III.

Bertsch argues that the district court abused its discretion by denying his motion for a downward dispositional departure. The court of appeals held that the district court did not abuse its discretion when it refused to depart dispositionally. *Bertsch,* 689 N.W.2d at 294. Appellate courts may vacate or modify a sentence on many grounds, including that the sentence is unreasonable or inappropriate, Minn.Stat. § 244.11, subd. 2(b) (2004), or that such a result is in the interest of "fairness and uniformity." *State v. Vazquez,* 330 N.W.2d 110, 112 (Minn.1983). However, we will not ordinarily interfere with a sentence "fall[ing] within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure." *State v. Abeyta,* 336 N.W.2d 264, 265 (Minn.1983). While we have stated that we do not "intend entirely to close the door on appeals from refusals to de-

part," we have emphasized that "it would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981).

A defendant's particular amenability to probation justifies a district court's decision to stay the execution of a presumptively executed sentence. *State v. Trog,* 323 N.W.2d 28, 31 (Minn.1982). Factors a court can consider when determining whether to grant such a stay include "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *Id.* Bertsch argues that an analysis of these factors demonstrates that he should have received a stayed, rather than executed, sentence.[7] Another district court might have found a dispositional departure appropriate, but Bertsch's situation is not the "rare case" warranting our intervention with the district court's discretion. The probation department recommended that Bertsch receive an executed sentence and stated that Bertsch currently had a "level of defensiveness" which would "make sex offender specific treatment very difficult, at best." Given this record, we hold there was no abuse of discretion by the district court in refusing Bertsch's request for a dispositional departure.

Affirmed in part and reversed in part.

---

7. Bertsch emphasizes that: (1) at the time of the offense, he was a 22–year–old college senior; (2) he had no prior criminal history; (3) he quickly took responsibility for the offenses, pleading guilty as charged; (4) he expressed remorse for his actions at sentencing; and (5) he had a large support network of family, friends, and college professors.