*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1182**

State of Minnesota,
Respondent,

vs.

Davie Eugene McCoy,
Appellant.

**Filed June 6, 2016
Affirmed
Johnson, Judge**

Wright County District Court
File No. 86-CR-14-4183

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Assistant County Attorney, Buffalo, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica May Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Johnson, Presiding Judge; Worke, Judge; and Schellhas, Judge.

**JOHNSON**, Judge

Davie Eugene McCoy pleaded guilty to first-degree driving while impaired. Before sentencing, McCoy moved for a downward dispositional departure. The district court denied the motion and imposed a presumptive guidelines sentence. We affirm.

## FACTS

On August 5, 2014, at approximately 3:30 a.m., a citizen reported a vehicle driving erratically and very fast on interstate highway 94 near Albertville. A state trooper responded to the call and followed the vehicle. The trooper observed the vehicle drive in and out of its lane at a high rate of speed. The trooper stopped the vehicle, which was being driven by McCoy. The trooper detected a strong odor of alcohol, observed that McCoy had bloodshot and watery eyes, and noted that McCoy's speech was slurred. The trooper arrested McCoy for driving while impaired (DWI). After the trooper read McCoy the implied-consent advisory, McCoy consented to a blood test, which indicated an alcohol concentration of 0.12.

The state promptly charged McCoy with one count of first-degree DWI, in violation of Minn. Stat. §§ 169A.20, subd. 1(1), .24, subd. 2 (2014). In October 2014, the state added a second count: first-degree DWI with an alcohol concentration of 0.08 or more, in violation of Minn. Stat. §§ 169A.20, subd. 1(5), .24, subd. 2. The state charged each count in the first-degree because McCoy was convicted of a felony DWI offense in 2009. *See* Minn. Stat. § 169A.24, subd. 1(2). In February 2015, McCoy pleaded guilty to count 2.

Before sentencing, McCoy moved for a downward dispositional departure. In a memorandum supporting his motion, McCoy argued that a downward dispositional departure is appropriate because (a) his conduct was less severe than conduct typically involved in this type of crime, (b) his diabetes may have affected the blood-test result, (c) he proactively entered and completed treatment before sentencing, (d) he had no conditional-release violations before sentencing, and (e) he successfully completed probation on his prior felony DWI. At sentencing, in response to the district court's allocution, McCoy made a personal statement in which he expressed remorse and thanked the trooper who arrested him "because he saved somebody's life." The state opposed McCoy's motion and argued for an executed guidelines sentence of 42 months of imprisonment. *See* Minn. Sent. Guidelines 2.C.3.d & 4.A (2014). The state argued that McCoy is not amenable to probation because he failed to complete after-care treatment and failed to attend his PTSD support group after completing treatment. The state also argued that a downward dispositional departure is inappropriate because McCoy has four prior DWIs in the past 15 years and is a substantial risk to public safety.

At the conclusion of the sentencing hearing, the district court found that "there are no substantial and compelling reasons for departure from the sentencing guidelines, and that Mr. McCoy is not amenable to probation." In addition, the district court found that McCoy is "a substantial risk to public safety." Thus, the district court denied McCoy's motion and imposed a presumptive guidelines sentence of 42 months of imprisonment. McCoy appeals.

**D E C I S I O N**

McCoy argues that the district court erred by denying his motion for a downward dispositional departure.

The Minnesota Sentencing Guidelines provide for a presumptive sentence for a felony offense. Minn. Sent. Guidelines 2.C (2014). The presumptive sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent. Guidelines 1.B.13 (2014). Accordingly, a district court "must pronounce a sentence . . . within the applicable [presumptive] range unless there exist identifiable, substantial, and compelling circumstances to support a" departure. Minn. Sent. Guidelines 2.D.1 (2014); *see also State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). If the district court departs from the presumptive guidelines range, the district court is required to state the reason or reasons for the departure. Minn. Sent. Guidelines 2.D.1.c. But if the district court does *not* depart, the district court is *not* required to state reasons for imposing a guidelines sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985).

A district court may grant a downward dispositional departure from the presumptive guidelines range if a defendant has a "particular amenability to individualized treatment in a probationary setting." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). In considering whether a defendant is particularly amenable to probation so as to justify a downward dispositional departure, a district court may consider, among other things, "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the

4

support of friends and/or family." *Id.* If the defendant requests a downward dispositional departure, the district court must "deliberately consider[]" the factors that are urged by a defendant in support of the motion. *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). "[T]he mere fact that a mitigating factor is present . . . does not obligate the court to place [a] defendant on probation." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011) (quotation omitted). Furthermore, if there are valid reasons for refusing to depart, a district court is not obligated to depart based on the existence of a mitigating factor. *See State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006); *Kindem*, 313 N.W.2d at 7-8. This court applies a very deferential standard of review to a district court's denial of a defendant's motion for a downward dispositional departure. *See Bertsch*, 707 N.W.2d at 668. We will reverse such a decision only if the district court abused its discretion. *Pegel*, 795 N.W.2d at 253.

In this case, McCoy argued that a downward dispositional departure is appropriate because of his age, remorse, acceptance of responsibility, and amenability to probation. After receiving McCoy's memorandum, his attorney's argument, and his personal statement, the district court stated, "I'm specifically finding that there are no substantial and compelling reasons for departure from the sentencing guidelines, and that Mr. McCoy is not amenable to probation." The record as a whole indicates that the district court "deliberately considered" the relevant factors and exercised its discretion when it denied McCoy's motion. *See Mendoza*, 638 N.W.2d at 483. No more was required of the district court. *Johnson*, 831 N.W.2d at 925; *Van Ruler*, 378 N.W.2d at 80.

5

Furthermore, the district court elaborated on its reasons for denying McCoy's motion by stating:

> Well, Mr. McCoy, my decision is that I'm sending you to prison. And this is why. As [the prosecutor] said, you are a substantial risk to public safety. You and [your attorney] tell me that you have the best of intentions, but if you go out and drink and drive as you have shown is your habit, everybody in this room and everybody on the highway is at risk.

The district court's assertion that McCoy is "a substantial risk to public safety" is supported by the record. McCoy has four prior DWIs, including a prior felony DWI. A party's "prior record" is a valid consideration when determining whether a dispositional departure is appropriate, *Trog*, 323 N.W.2d at 31, as is "the risk to the public safety incurred in placing an offender on probation," *State v. Sejnoha*, 512 N.W.2d 597, 600 (Minn. App. 1994), *review denied* (Minn. Apr. 21. 1994). Thus, the district court's stated reason for refusing to depart is valid. *See Bertsch*, 707 N.W.2d at 668; *Kindem*, 313 N.W.2d at 7-8.

In sum, the district court did not err by denying McCoy's motion for a downward dispositional departure.

**Affirmed.**