*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1742**

State of Minnesota,
Respondent,

vs.

Timothy Scott Anderson,
Appellant.

**Filed September 19, 2016
Affirmed
Reilly, Judge**

Dakota County District Court
File No. 19HA-CR-14-3456

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Heather D. Pipenhagen, Assistant County Attorney, Hastings, Minnesota (for respondent)

Timothy Anderson, St. Cloud, Minnesota (pro se appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

Appellant challenges the district court's imposition of presumptive guidelines sentences for three convictions of second-degree criminal sexual conduct, arguing that he is particularly amenable to probation and should be granted downward dispositional

departures or a "restructuring" of his sentences. Because the district court did not abuse its discretion in sentencing appellant, we affirm.

## FACTS

Respondent State of Minnesota charged appellant Timothy Scott Anderson with five counts of second-degree criminal sexual conduct. The state alleged that Anderson had sexual contact with his three daughters when they were under the age of 16. Anderson pleaded guilty to three counts of second-degree criminal sexual conduct. He then moved for dispositional departures from the presumptive sentences under the Minnesota Sentencing Guidelines, arguing that he "is particularly amenable to individualized sex offender treatment in a probationary setting." The district court denied Anderson's motion and imposed middle-of-the-box guidelines sentences. Anderson was committed to the commissioner of corrections to serve concurrent sentences of 48 months, 91 months, and 130 months. This appeal follows.

## D E C I S I O N

An appellate court "may review [a] sentence imposed or stayed to determine whether the sentence is consistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2014). Appellate courts "afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). An appellate court "will not ordinarily interfere with a sentence falling within the presumptive sentence range, either dispositionally or

2

durationally, even if there are grounds that would justify departure." *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (quotation omitted); *see also State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) (expressing belief "that it would be a rare case which would warrant reversal of the refusal to depart").

"[T]he presumptive sentences are deemed appropriate for the felonies covered by them. Therefore, departures from the presumptive sentences established in the Sentencing Guidelines should be made only when substantial and compelling circumstances can be identified and articulated." Minn. Sent. Guidelines 1.A.5 (2014). "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003) (quotation omitted).

The supreme court "ha[s] held that 'a defendant's *particular* amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence.'" *Soto*, 855 N.W.2d at 308 (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)). The supreme court "ha[s] recognized several . . . factors that can be relevant to determining if a defendant is particularly amenable to probation, including 'the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family.'" *Id.* at 310 (quoting *Trog*, 323 N.W.2d at 31). Offense-related factors also may be used to support a dispositional departure. *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995); *see also Soto*, 855 N.W.2d at 313 (considering circumstances of offense of conviction when reviewing dispositional departure).

Analysis of the *Trog* factors indicates that the district court did not abuse its discretion by denying dispositional departures. Anderson was 51 years old at the time of sentencing. *Cf. Soto*, 855 N.W.2d at 310 (indicating that youth of defendant may demonstrate particular amenability to probation and disagreeing that defendant's age of 37 demonstrated particular amenability). He had no prior juvenile or criminal record. He did express shame and guilt about his criminal actions, but he also characterized his behavior as merely a "boundary" issue. The psychosexual evaluator concluded that "Anderson minimized the frequency, duration and severity of the sexual abuse of the minor aged female family members." Anderson initiated sex-offender treatment and counseling before the plea hearing. But he also violated no-contact orders before sentencing by having unapproved contact with two of the victims. He had the support of several friends and family members, but his wife and daughters provided victim-impact statements referring to him as deceptive and manipulative, and his wife filed for dissolution of the marriage.

Consideration of the offenses further demonstrates that the district court did not abuse its discretion by denying dispositional departures. The district court noted that the crimes "occurred over a period of 17 years" and that "three young women . . . have been victimized." The factual record amply supports this finding. The court also stated:

> [A]s bad as the sexual abuse was, the fact that the sexual abuse was committed by their father in their home is probably the most difficult thing that I think these victims are going to have to deal with because not only does it affect themselves and how they view the world but it affects one of the most central things in their life, their family.

We also note that, even if the district court had determined that Anderson is particularly amenable to probation, the court would not have been bound to grant dispositional departures. *See State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984) ("The fact that a mitigating factor was clearly present did not obligate the court to place defendant on probation or impose a shorter term than the presumptive term."); *see also Bertsch*, 707 N.W.2d at 668 (stating that appellate court "will not ordinarily interfere with a [presumptive guidelines] sentence . . . even if there are grounds that would justify departure" (quotation omitted)). We conclude that the district court did not abuse its discretion in sentencing Anderson.

**Affirmed.**