*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0890**

State of Minnesota,
Respondent,

vs.

Michael Scott Johnson,
Appellant.

**Filed December 5, 2016
Affirmed
Reilly, Judge**

Anoka County District Court
File No. 02-CR-15-867

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Jon C. Audette, Assistant County Attorney, Anoka, Minnesota (for respondent)

Aaron J. Morrison, Wold Morrison Law, Minneapolis, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges the district court's imposition of the presumptive guidelines prison sentence for his second-degree criminal-sexual-conduct conviction, arguing that he has no criminal history, has demonstrated remorse, and is particularly amenable to

probation and should be granted a downward dispositional departure. Because the district court did not abuse its discretion in sentencing, we affirm.

**FACTS**

Respondent State of Minnesota charged appellant Michael Johnson with first-degree criminal sexual conduct, alleging that between April 26, 2013 and January 15, 2015, appellant had sexual contact with a child when the victim was under 13 years of age and appellant was more than 36 months older than the victim. The state amended the charge to second-degree criminal sexual conduct and appellant entered a plea of guilty to the amended charge. Appellant moved for a dispositional departure from the presumptive sentence under the Minnesota Sentencing Guidelines, arguing that he was particularly amenable to treatment. The district court denied appellant's motion and imposed the presumptive sentence of commitment to prison for a term of 90 months. *See* Minn. Sent. Guidelines IV (2014) (sentencing grid). This appeal follows.

**D E C I S I O N**

We review a district court's refusal to grant a dispositional departure from the sentencing guidelines for an abuse of discretion, *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006), and we will affirm the imposition of a presumptive sentence "when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013) (quotation omitted).

The Minnesota Sentencing Guidelines prescribe a sentence or a range for the sentence that is "presumed to be appropriate." *State v. Soto*, 855 N.W.2d 303, 308 (Minn.

2014) (quoting Minn. Sent. Guidelines 2.D.1 (2014)). The district court "must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances" distinguishing the case and overcoming the presumption in favor of the guidelines disposition. *Id.* A defendant's "particular amenability to individualized treatment in a probationary setting" may justify a downward dispositional departure from a presumptive commitment to prison. *Id.* (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (emphasis omitted)). Minnesota courts are guided by several factors, known as *Trog* factors, to determine if a defendant is particularly amenable to individualized treatment in a probationary setting. *Trog*, 323 N.W.2d at 31. These factors include "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of [the defendant's] friends and/or family." *Id.* Offense-related factors may also be used to support a dispositional departure. *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995); *see also Soto*, 855 N.W.2d at 313 (considering circumstances of offense when reviewing departure request). However, the presence of mitigating factors "[does] not obligate the court to place defendant on probation." *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984).

Analysis of the *Trog* factors indicates that the district court did not abuse its discretion by denying a dispositional departure in this case. Appellant was 54 years old at sentencing. He had no prior criminal record. While past criminal history is a relevant factor, a defendant's clean record does not by itself compel a dispositional departure "because that factor, in the form of defendant's criminal history score, has already been taken into account by the Sentencing Guidelines in establishing the presumptive sentence."

3

*Trog*, 323 N.W.2d at 31; *Bertsch*, 707 N.W.2d at 668. Appellant argued that he accepted responsibility for his crime and showed remorse, but the district court found that appellant lacked insight into his actions and the impact his actions had on his victim, relying in part on statements contained in the psychosexual evaluation report. The psychosexual evaluator noted that appellant had "limited insight" with regard to how his personal and relationship history affected his decisions leading to the crime, "demonstrate[d] significant lack of insight" into the reasons why the victim's family would be angry toward him, "lack[ed] insight to the impact of his actions on others," and demonstrated a "lack of insight or appreciation of the impact of his actions on others." Lastly, appellant did not claim to have the support of family or friends, and the presentence investigation report states that appellant "is currently residing by himself" in a rural area in Minnesota and is not involved in outside activities.

A consideration of these factors demonstrates that the district court did not abuse its discretion when it determined that a dispositional departure was not appropriate in this case. Moreover, even if appellant presented evidence that he was particularly amenable to probation, the sentencing court was not required to grant a dispositional departure. *See Wall*, 343 N.W.2d at 25 ("The fact that a mitigating factor was clearly present did not obligate the court to place defendant on probation or impose a shorter term than the presumptive term."); *see also Bertsch*, 707 N.W.2d at 668 (stating that appellate courts "will not ordinarily interfere with a [presumptive] sentence . . . even if there are grounds that would justify departure" (quotation omitted)). The Minnesota Supreme Court recognized that only the "rare case" merits reversal based on the district court's refusal to

4

depart from the sentencing guidelines. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) (noting that it is the "rare case which would warrant reversal of the refusal to depart"). This is not the "rare case" compelling reversal. The district court considered the circumstances for and against departure and concluded that appellant was not entitled to a downward dispositional departure from the sentencing guidelines. The record supports the district court's decision that there were not "substantial and compelling reason[s]" supporting a dispositional departure in this case, *Soto*, 855 N.W.2d at 314, and we affirm.

**Affirmed.**