*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0605**

State of Minnesota,
Respondent,

vs.

Brandon Lee Berry,
Appellant.

**Filed March 18, 2024
Affirmed
Ross, Judge**

Otter Tail County District Court
File No. 56-CR-22-1959

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Michelle M. Eldien, Otter Tail County Attorney, Kathleen J. Schur, Assistant County Attorney, Fergus Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schmidt, Presiding Judge; Ross, Judge; and Gaïtas, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Brandon Berry pleaded guilty to first-degree criminal sexual conduct after the state accused him of having engaged in vaginal intercourse with a thirteen-year-old girl. Berry unsuccessfully moved the district court to depart downward dispositionally from the

presumptive sentence designated by the sentencing guidelines. Because the district court acted within its discretion by imposing the presumptive sentence, we affirm.

## FACTS

Nineteen-year-old Brandon Berry met a thirteen-year-old girl in June 2022 at a high-school graduation party. Berry left the party with the girl and drove her to an abandoned house. There he subjected the girl to vaginal intercourse with him. The state charged Berry with first-degree criminal sexual conduct. Berry pleaded guilty.

Berry moved the district court for a downward dispositional sentencing departure and supported his motion with a memorandum that included research on brain development in males under 25 years old. Berry relied mostly on his age, but he referenced other factors, such as his alleged remorse. The district court was unconvinced by any of Berry's assertions and denied his departure motion. It imposed a guidelines sentence of 144 months' imprisonment. Berry appeals.

## DECISION

Berry argues that he was entitled to a downward dispositional sentencing departure. We will reverse a district court's sentencing decision only when the sentence reflects an abuse of the district court's discretion. *State v. Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014). The district court sentences defendants based on a policy of uniformity in sentencing, which is facilitated by applying the calculations detailed in the Minnesota Sentencing Guidelines. *See* Minn. Sent'g Guidelines 1.A (2020); *Soto*, 855 N.W.2d at 308. The district court must impose the presumptive sentence determined by those calculations, and it may depart from a presumptive guidelines sentence only if it finds substantial and

compelling reasons to do so. *Soto*, 855 N.W.2d at 308. We therefore generally will not interfere with a district court's decision to impose a guidelines sentence, even when the record contains grounds that could justify a departure. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). We consider Berry's appeal in this structure.

Berry maintains that his age, prior record, remorse, attitude in court, and willingness to engage in sex-offender treatment require the conclusion that he was particularly amenable to probation and therefore deserving of a dispositional departure. In rare circumstances, some combination of these factors might establish a person's particular amenability to probation. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). But the district court found that Berry's circumstances do not make him particularly amenable to probation, and Berry gives us no persuasive reason to disregard that finding. He argues mainly that the district court erroneously failed to conclude that his age justifies a departure, relying on his contention that his brain is not yet fully developed. Reading between the lines of his contention, it appears that he is arguing that the district court should not have sentenced him as if he is truly culpable for his crime because his underdeveloped brain left him unable to control impulsive behavior. This is not a persuasive argument against the district court's conclusion that he is not particularly amenable to probation but an unpersuasive argument that district court should have sentenced him based on alleged diminished responsibility.

We are similarly unpersuaded by Berry's arguments relating to his prior criminal history, remorse, willingness to engage in treatment, and cooperation in court. The district court thoroughly analyzed these circumstances and concluded that they do not support his

3

dispositional-departure request. The district court properly balanced Berry's criminal-history score of zero against his substantial record of prior offenses, including a 2017 juvenile adjudication as a petty offender for damage to property, a 2019 delinquency adjudication for terroristic threats, and a 2020 delinquency adjudication for using an explosive device attempting to set fire to a car. The district court observed that, despite having received rehabilitative treatment after those offenses, Berry continued his criminal behavior. Rather than prove that he is particularly amenable to probation, Berry's history supports the district court's conclusion that he is not at all amenable. The district court also expressed doubt that Berry was remorseful about his criminal sexual conduct.

We hold that the district court acted within its discretion by concluding that neither Berry's claimed brain-development assertions nor the other factors establish that he is particularly amenable to probation. And we add that, even if the district court had found otherwise, it still would have acted within its discretion by sentencing Berry to prison and not placing him on probation.

**Affirmed.**