*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0923**

State of Minnesota,
Respondent,

vs.

Colleen Purificacion Larson,
Appellant.

**Filed May 13, 2024
Affirmed.
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-22-8318

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam E. Petras, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Peter H. Dahlquist, Assistant Public Defender, Edina, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Gaitas, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**CONNOLLY**, Judge

On direct appeal from her conviction of attempted first-degree murder, appellant argues that the district court abused its discretion in denying her motion for a downward

dispositional sentencing departure because she demonstrated that she was particularly amenable to supervision and was unduly influenced by her codefendant. We affirm.

## FACTS

In April 2022, appellant Colleen Larson was in a relationship with Timothy Amacher, who shared a child with his ex-girlfriend. At the time, Amacher and his ex-girlfriend were in a custody dispute involving their child, and Amacher had "repeatedly" indicated to Larson that he "wanted to remove [his ex-girlfriend] from the equation and raise his son on his own." Larson understood this to mean that Amacher wanted to kill his ex-girlfriend.

Amacher owned several guns, and he devised a plan in which Larson would shoot and kill the ex-girlfriend in the parking lot of a supervised visitation facility while Amacher was visiting his son. Larson executed this plan on April 20, 2022, when she drove a vehicle owned by Amacher to the visitation facility and, armed with a .380 pistol provided by Amacher, parked about a block from the facility. Amacher had previously removed the license plates from the vehicle and Larson wore all black with a hood pulled over her head. When Larson saw the ex-girlfriend in the parking lot, she ran up behind her, fired three shots with the intent to kill her, and then fled the scene. Despite being shot in the neck and arm, and sustaining numerous internal injuries, the ex-girlfriend survived the shooting.

Respondent State of Minnesota charged Larson with attempted first-degree murder. Larson subsequently entered a "straight plea" to the charged offense, meaning there was no plea agreement from the state regarding sentencing. Larson later moved for a downward dispositional departure, requesting a 216-month stayed sentence, which included a 120-

2

month executed prison term.  The district court denied the motion and sentenced Larson to 198 months in prison, which was in the presumptive guidelines range.  This appeal follows.

## DECISION

Larson challenges the denial of her motion for a downward dispositional departure.[1] Such a decision is reviewed for an abuse of discretion.  *See State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014).  Only in a "rare case" will a reviewing court reverse a district court's imposition of the presumptive sentence.  *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006); *see State v. Delk*, 781 N.W.2d 426, 428 (stating that this court will rarely disturb a district court's decision to impose a sentence within the presumptive guidelines range).

Under the Minnesota Sentencing Guidelines, the presumptive sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics."  Minn. Sent'g Guidelines 1.B.13 (Supp. 2021).  As such, a district court "must pronounce a sentence . . . within the applicable [presumptive] range . . . unless there exist identifiable, substantial, and compelling circumstances to support a departure."  *Id.*, 2.D.1 (Supp. 2021).  One circumstance that might justify departing is a defendant's particular amenability to probation.  *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982); *see also Soto*, 855 N.W.2d at 308.  In determining whether a defendant is particularly amenable to probation so as to justify a downward dispositional departure, a district court may

---

[1] We note that Larson's sentencing request was unique.  As the state pointed out in its brief, Larson's departure request "could arguably be construed as a durational departure, rather than a dispositional departure.  However, because [Larson's] request *also* calls for a 216-month term to be imposed but stayed . . ., the State treats [Larson's] claim as challenging the denial of a downward *dispositional* departure."

consider, among other things, "the defendant's age, [her] prior record, [her] remorse, [her] cooperation, [her] attitude while in court, and the support of friends and/or family." *Trog*, 323 N.W.2d at 31.

Larson argues that the district court abused its discretion in denying her motion for a downward dispositional departure because the court "failed to consider completely the *Trog* factors," such as Larson's lack of a prior criminal record, her support from family and friends, her attitude in court, and her cooperation "throughout the court process and prior investigation." But a district court need not discuss all the *Trog* factors if it denies a motion for a downward dispositional departure. *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011). Moreover, the record reflects that the district court appropriately considered the factors that it considered relevant, such as Larson's age, her continued therapy, and her remorse. In considering these factors, the district court questioned whether "any of the therapeutic services that [Larson] ha[d] participated in thus far [had] been remotely productive or effective" since "Larson was in therapy at the time of the alleged offense." The district court also questioned Larson's remorsefulness, stating, "I would note that even in the documents that have been presented to the Court by the defense, [Larson's] remorse is for the impact this has had on her loved ones and on her life. There has been no remorse displayed by . . . Larson for almost taking someone's life." And the district court found concerning that, "upon reflection, . . . Larson has stated that she . . . doesn't know what she would do differently." Consequently, the district court stated that it could not find that Larson was "particularly amendable to probation."

Larson also argues that the "district court failed to consider completely that the control and manipulation over Larson, which Amacher exercised, mitigated her culpability, even though it did not amount to a defense." We disagree. The district court stated that it had "reviewed everything" that had been submitted by the parties, "including the presentence investigation that was completed by probation, . . . the alternative [presentence investigation] that was presented and provided by defense, as well as the defense's motions, the State's motions, and any letters of support that were sent to the Court." The documents submitted by the defense, as well as the presentence investigations, reference Amacher's manipulation and control over Larson. Moreover, the district court acknowledged on the record that "Larson has been described as naïve, immature at times, and easily manipulated," and that it "believe[d] that . . . Amacher is the one who conceived the plot and put it into motion." But the district court also found that Larson "did not play a passive role" in the offense, rather "it was . . . Larson who executed the plan." And the district court found that Larson is a "25-year-old woman who is educated, she's a graduate from a university, [and] she was a productive, functioning adult in society." Thus, although the district court was not required to do so, it provided reasons for imposing a presumptive sentence. *See State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (stating that, if the district court does not depart, the district court is not required to state reasons for imposing a presumptive sentence), *rev. denied* (Minn. Sept. 17, 2013).

Finally, even if mitigating factors were present, the district court was not required to depart from the presumptive guidelines sentence. *See Bertsch*, 707 N.W.2d at 668. The record reflects that the district court carefully considered and evaluated all the information

and testimony presented and decided to impose a presumptive sentence. This is not the "rare case" in which the district court acted outside of its discretion by imposing such a sentence. *See State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) (noting that only in a "rare case" will a reviewing court overturn a presumptive sentence).

**Affirmed.**