**STATE of Minnesota, Respondent,**

v.

**Jay Andrew OLSON, Appellant.**

**No. A08–1951.**

Court of Appeals of Minnesota.

May 26, 2009.

Lori Swanson, Attorney General, St. Paul, MN and Russell Conrow, Lake County Attorney, Two Harbors, MN, for respondent.

John S. Lind, Duluth, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; CONNOLLY, Judge; and JOHNSON, Judge.

## OPINION

CONNOLLY, Judge.

Appellant argues that the district court abused its discretion by refusing to grant him a downward dispositional departure from the presumptive sentence when his co-defendants received lighter sentences and there was evidence in the record that he was amenable to probation. Because the district court did not abuse its discretion by sentencing appellant to the presumptive sentence, we affirm.

## FACTS

On August 7, 2007, appellant Jay Andrew Olson and several other individuals entered the Boundary Waters Canoe Area. That evening, appellant and the other individuals recklessly discharged firearms, harassed and threatened many campers at different campsites, and damaged and stole property. These individuals, including appellant, were subsequently arrested and charged with numerous crimes. It is not disputed that appellant discharged a firearm.

On June 2, 2008, appellant pleaded guilty to one count of felony aiding and abetting terroristic threats, one count of felony aiding and abetting harassment with a firearm, two counts of gross misdemeanor aiding and abetting criminal damage to property, one count of misdemeanor possession of stolen property, and one count of misdemeanor reckless discharge of a firearm. Appellant moved for a downward dispositional departure. On August 11, 2008, the district court sentenced appellant to the mandatory presumptive sentence of 36 months in prison for aiding and abetting harassment with a firearm. Minn.Stat. § 609.11, subd. 5(a) (2006). The sentences for appellant's other convictions were ordered to run concurrently with the 36–month prison term. This appeal follows.

## ISSUE

Did the district court abuse its discretion when it refused to grant appellant a dispositional departure and instead imposed the presumptive sentence?

## ANALYSIS

Appellant argues that the district court abused its discretion by refusing to grant

him a downward dispositional departure when there were substantial and compelling reasons to depart from the presumptive prison sentence. Respondent asserts that imposition of the presumptive sentence was within the district court's broad discretion.

██ A district court may depart from the presumptive sentence provided by the guidelines only if "substantial and compelling" circumstances warrant such a departure. Minn. Sent. Guidelines II.D. "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn.1985). Whether to depart from the guidelines rests within the district court's discretion, and this court will not reverse the decision "absent a clear abuse of that discretion." *State v. Oberg*, 627 N.W.2d 721, 724 (Minn.App.2001), *review denied* (Minn. Aug. 22, 2001). Only in a "rare" case will a reviewing court reverse a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

██ The district court sentenced appellant to the presumptive sentence of 36 months in prison for aiding and abetting harassment with a firearm. Minn.Stat. § 609.11, subd. 5(a). Appellant asserts that because the probation officer testified that he is amenable to probation and his co-defendants received lighter sentences, the district court abused its discretion by refusing to grant a downward dispositional departure.[1]

██ First, the district court has discretion to impose a downward dispositional departure if a defendant is particularly

---

1. The probation officer ultimately recommended that appellant receive a 36–month executed prison sentence.

amenable to probation, but it is not required to do so. Second, a defendant is not entitled to a reduction in his sentence merely because a co-defendant received a lesser sentence. *State v. Krebsbach,* 524 N.W.2d 17, 19 (Minn.App.1994), *review denied* (Minn. Jan. 13, 1995). Moreover, the co-defendants here pleaded guilty to different offenses, which had different presumptive sentences. The district court considered appellant's arguments, along with his expressed remorse and lack of any criminal history, but ultimately determined that the presumptive sentence was appropriate. It is within the district court's broad discretion to reach that conclusion, and appellant has not provided a sufficient basis for us to conclude that this is a "rare" case in which we should reverse the district court's imposition of the presumptive sentence. *See Kindem,* 313 N.W.2d at 7 (stating that it is a rare case where an appellate court will reverse a district court's imposition of the presumptive sentence).

Appellant further argues that the district court improperly relied on the elements of the offense to deny his motion to depart. Appellant has cited no authority to indicate that doing so would have been improper, but, regardless, we disagree that the district court improperly relied on the elements of the offense to deny appellant's motion to depart. The district court did acknowledge that appellant and his co-defendants harassed a large number of victims, including total strangers, for several hours. But the length of an attack and the number of victims involved are not elements of aiding and abetting harassment with a firearm. Minn.Stat. § 609.749, subd. 3(3) (2006). Therefore, it was not improper for the district court to consider these factors when denying appellant's motion for a dispositional departure.

## DECISION

There is evidence in the record that appellant was amenable to probation. Nonetheless, the district court sentenced appellant to prison, which was the presumptive sentence. The district court did not abuse its discretion.

**Affirmed.**