*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1353**

State of Minnesota,
Respondent,

vs.

William Arthur Kalligher,
Appellant.

**Filed June 17, 2024
Affirmed
Kirk, Judge***

St. Louis County District Court
File No. 69DU-CR-21-3868

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kimberly J. Maki, St. Louis County Attorney, Victoria Wanta, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rebecca Ireland, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schmidt, Presiding Judge; Worke, Judge; and Kirk, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KIRK**, Judge

In this direct appeal from the judgment of conviction of second-degree criminal sexual conduct and attempted first-degree criminal sexual conduct, appellant argues that the district court abused its discretion by (1) denying his motion for a downward dispositional departure because he is particularly amenable to probation and (2) failing to consider his request for a stay of execution under Minn. Stat. §§ 609.342 (2018) and .343 (2016). We affirm.

## FACTS

In December 2022, respondent State of Minnesota charged appellant William Arthur Kalligher in a six-count complaint with committing or attempting to commit criminal sexual conduct. The charges stemmed from allegations that, in 2018 and 2019, appellant sexually abused his daughter (the victim) several times in the family's home while she was under the age of 16.

In April 2023, appellant pleaded guilty to second-degree criminal sexual conduct under Minn. Stat. § 609.343, subd. 1(g) (count III) and attempted first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(g) (count V). The state dismissed the remaining charges and agreed that appellant's sentences would be concurrent and would not exceed 72 months, and that appellant could seek a downward dispositional departure. The district court ordered that a presentence investigation (PSI) report and a psychosexual evaluation (PE) be completed.

Appellant moved for a downward dispositional departure under the sentencing guidelines. The motion included six letters in support of appellant from family members and an acquaintance.

At appellant's sentencing hearing, the district court acknowledged that it had reviewed the PSI report, appellant's motion for a departure, and the letters attached to the motion. The state opposed appellant's motion, arguing that "[t]he need for punishment to ensure the public's safety from [appellant] far outweigh[ed] any treatment options [] available to him." The victim also read a victim impact statement, in which she expressed that appellant's actions have made it difficult for her to trust people and form relationships, that she has had difficulties understanding herself and has been diagnosed with anxiety and depression, and that she wanted to "see him get what he deserves." Appellant submitted a letter for the district court's consideration in which he apologized and expressed shame and remorse. Appellant's counsel argued that, based on the PE, appellant was amenable to probation and would benefit from local probation, and that the sentencing guidelines and subdivision 3 of Minn. Stat. §§ 609.342 and .343 permitted a departure in this case.

The district court denied appellant's motion and sentenced appellant to a presumptive sentence of imprisonment for 36 months on count III and 72 months on count V, to run concurrently.

This appeal follows.

**DECISION**

Appellant argues that the district court abused its discretion by (1) denying his motion for a downward dispositional departure under the sentencing guidelines and (2) failing to consider granting a stay under Minn. Stat. §§ 609.342, .343. We address each of appellant's arguments in turn.

**I.     The district court did not abuse its discretion by denying appellant's motion to impose a dispositional departure under the sentencing guidelines.**

Appellant first argues that the district court abused its discretion by denying his motion based on the improper conclusion that he was not particularly amenable to probation in "this case" specifically. Appellant argues that his demonstrated remorse, awareness of the harm he inflicted, accountability, proven track record with community supervision, desire for rehabilitation, and meaningful support from his family and community members all support his particular amenability to probation. We are not persuaded.

The Minnesota Sentencing Guidelines establish presumptive sentences for felony offenses. Minn. Stat. § 244.09, subd. 5 (2016). Absent "identifiable, substantial, and compelling circumstances," a district court must order the presumptive sentence provided in the sentencing guidelines. Minn. Sent'g Guidelines 2.D.1 (Supp. 2017); *see also State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011). The sentencing guidelines establish a "nonexclusive list of factors that may be used as reasons for departure." Minn. Sent'g Guidelines 2.D.3 (Supp. 2017).

4

"A dispositional departure places the offender in a different setting than that called for by the presumptive guidelines sentence" and "typically focuses on characteristics of the defendant that show whether the defendant is particularly suitable for individualized treatment in a probationary setting." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016) (quotation omitted). When determining whether a defendant is particularly amenable to probation, a district court may consider factors "including [but not limited to] 'the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family.'" *State v. Soto*, 855 N.W.2d 303, 310 (Minn. 2014) (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)).

If substantial and compelling circumstances exist, "[t]he decision whether to depart from [the] sentencing guidelines rests within the discretion of the [district] court and will not be disturbed absent a clear abuse of that discretion." *State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001), *rev. denied* (Minn. Aug. 22, 2001). "A district court abuses its discretion when its decision is based on an erroneous view of the law" or when its factual findings are clearly erroneous because they are not supported by the record. *State v. Guzman*, 892 N.W.2d 801, 810 (Minn. 2017). An appellate court cannot interfere with a district court's exercise of discretion "as long as the record shows the [district] court carefully evaluated all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quotation omitted). Only in rare cases will an appellate court reverse a district court's imposition of a presumptive sentence. *State v. Olson*, 765 N.W.2d 662, 664 (Minn. App. 2009).

Here, the record clearly demonstrates that the district court imposed the presumptive sentence only after carefully evaluating the testimony and information presented. At the sentencing hearing, the district court noted that it had been "thinking about [the] case since [appellant] entered the plea." After acknowledging that it had read appellant's statement, the PSI report, the PE, and appellant's motion and letters, and noting that it respected the parties' arguments, the district court stated:

> But then I listen to [the victim] talk, and it just breaks my heart. And you did that. [] That was your daughter. [] And then I read through the [PE]: Demonstrates conning, manipulation, pathological lying, grandiose sense of self-worth, deficits in displaying remorse or guilt, shallow [a]ffect, callousness and a lack of empathy, failure to accept responsibility for your own actions, lack of realistic long-term goals, and on and on. You probably are amenable to probation. I certainly think that you have done some good things. I wonder if part of that was trying to make up for the absolutely monstrous things you did to your own children. I don't know. I—I don't have the answer to it. Do I think that you might be—that you're amenable to probation in other types of cases? Certainly. Do I think you're particularly amenable to probation in this case? No, I do not. I do think that prison is the appropriate answer here.[1]

Even if a mitigating factor is present, a district court is not obligated to place a defendant on probation or otherwise depart from the presumptive sentence. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984). Further, "when [a] court considers reasons for departure but elects to impose the presumptive sentence," it is not required to provide an explanation. *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). Here, the district court did consider appellant's amenability to probation as a reason for departure but elected to

---

[1] Appellant's affirmative responses are excluded from the quote.

6

impose the presumptive sentence, *and* it provided an explanation—that the victim's statement and appellant's PE supported that his imprisonment was the "appropriate answer here."

Further, the district court's finding that appellant was not particularly amenable to probation in this case is not clearly erroneous. The district court's statements to appellant before denying his motion make clear that it considered offender-related mitigating factors. *Solberg*, 882 N.W.2d at 623. Moreover, a defendant may be amenable to probation while still failing to be *particularly* amenable to probation. *Soto*, 855 N.W.2d at 309. A defendant's *particular* amenability to probation *may* justify a departure. *Id.* (noting that "[o]ur consistent use of the words 'particular' and 'particularly' in this context is not accidental"). Even though the PSI identified appellant's amenability to probation as a potential mitigating factor, this was based on appellant's own statement that he was willing to take necessary steps to complete probation. Neither the PSI report nor the PE recommended that appellant be placed on probation, and we agree with the district court that they do not show that he is particularly amenable to probation.

We conclude that the district court did not abuse its discretion by denying appellant's motion to impose a downward dispositional departure.

**II.  Appellant failed to present sufficient evidence for the district court to consider a stay of execution under Minn. Stat. §§ 609.342, .343.**

Appellant next argues that remand is proper because the district court abused its discretion by failing to consider the alternate basis for a stayed sentence under Minn. Stat. §§ 609.342, .343. Appellant relies on the nonprecedential case *State v. Lichtsinn*, No. A10-

7

1555, 2011 WL 1743908 (Minn. App. May 9, 2011), in support of his argument. We are not convinced.

Both Minn. Stat. §§ 609.342 and .343 contain identical subdivision 3 language that provides, unless an exception applies, that

> if a person is convicted under subdivision 1, clause (g), the court may stay imposition or execution of the sentence if it finds that:
> (a) a stay is in the best interest of the complainant or the family unit; and
> (b) a professional assessment indicates that the offender has been accepted by and can respond to a treatment program.

As an initial matter, appellant mentioned this argument only in passing before the district court, and did not argue that the execution of appellant's sentence should be stayed based on the separate standard outlined under Minn. Stat. §§ 609.342 and .343. Further, the record does not support that appellant presented sufficient evidence to meet the Minn. Stat. §§ 609.342, .343 standard to allow the district court to consider imposing a stay. First, appellant did not provide a professional assessment indicating that he had been accepted by and could respond to a treatment program. The plain language of subdivision 3 requires that a district court find both that a stay would benefit the complainant or family unit *and* that a professional assessment indicates that appellant has been accepted by and is amenable to a treatment program. *State v. Hamacher*, 511 N.W.2d 458, 461 (Minn. App. 1994) (noting that Minn. Stat. § 609.342, subd. 3(b) requires that defendants be admitted to treatment program). Appellant relies on his PE, which recommended that he participate in individual mental health services and sex-offense-specific treatment. This evidence is

8

insufficient to allow the district court to consider a stay under Minn. Stat. §§ 609.342 or .343.

Further, the record does not reflect that a stay "is in the best interest of the complainant," and is conflicting regarding whether a stay "is in the best interest of the . . . family unit." Minn. Stat. §§ 609.342, subd. 3(a), .343, subd. 3(a). The victim, appellant's daughter, spoke about the harm appellant had caused her and that she wanted "him to get at least five to six years, because that's what he took from [her]." Since committing the offense, appellant and the victim's mother divorced and "he does not want to have anything to do with [the victim's mother]." Although other members of appellant's family, including appellant's father, stepmother, sister, and two sons, submitted letters in support of him, those letters are not dispositive.

Moreover, appellant's reliance on *Lichtsinn* is unpersuasive. The case is nonprecedential and therefore not binding on us. Minn. R. Civ. App. P. 136.01, subd. 1(c). Even if it was binding, it is inapposite. In *Lichtsinn*, the district court had treated appellant's request for a downward dispositional departure as a request made solely under Minn. Stat. § 609.342, subd. 3, even though defense counsel made no arguments in support of that standard at the sentencing hearing and only argued factors relevant to a departure under the sentencing guidelines. 2011 WL 1743908 at *3. Because the record contained significant evidence to indicate that the defendant in that case was amenable to probation and was unclear as to whether the district court had carefully evaluated or even considered that evidence in denying the defendant's request to depart, remand was appropriate. *Id.* at *4.

9

Here, the district court properly exercised its discretion by denying appellant's request to depart under the sentencing guidelines. Further, unlike in *Lichtsinn*, the record does not contain evidence in favor of granting appellant a stay under subdivision 3 of Minn. Stat. §§ 609.342 or .343, nor did appellant argue that standard before the district court.

**Affirmed.**