*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1766**

State of Minnesota,
Respondent,

vs.

Kevin Kris Christensen,
Appellant.

**Filed August 26, 2024
Affirmed
Harris, Judge**

Crow Wing County District Court
File No. 18-CR-21-3100

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Quinn Thomas Hoffman, Assistant County Attorney, Brainerd, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Laura G. Heinrich, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Smith, Tracy M., Judge; and Harris, Judge.

**NONPRECEDENTIAL OPINION**

**HARRIS**, Judge

In this direct appeal from the judgment of conviction for criminal vehicular homicide, appellant argues that the district court abused its discretion by denying his

motions for a downward dispositional departure and a downward durational departure. We affirm.

## FACTS

In August 2021, following a car accident, respondent State of Minnesota charged appellant Kevin Kris Christensen with one count of criminal vehicular homicide, two counts of criminal vehicular operation, and one count of driving while impaired. The complaint alleged that Christensen ran through a red light, hit another car, and killed one of its occupants. Two of the car's other occupants also suffered injuries in the accident.

Christensen pleaded guilty to criminal vehicular homicide, in violation of Minnesota Statutes section 609.2112, subdivision 1(b) (2020), pursuant to a plea agreement. Christensen entered a *Norgaard* plea[1] and admitted that, at the time of the accident, he was under the influence of methadone, for which he had a prescription, and benzodiazepine, for which he did not. Although Christensen did not recall his driving conduct at the time of the incident, he acknowledged that, based on the state's evidence, there was a substantial likelihood he would be found guilty and that he was not innocent. Christensen admitted that he had a prior conviction for driving while impaired within the ten years before the accident.

---

[1] In a *Norgaard* plea, "the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009), *rev. denied* (Minn. Apr. 21, 2009); *see also State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 871-72 (Minn. 1961).

Christensen moved for a downward dispositional departure, contending that he was particularly amenable to probation. In the alternative, Christensen moved for a downward durational departure. At the sentencing hearing, Christensen described his addiction to opioids following a previous serious accident that had left him disabled. He argued that he showed remorse, that he had entered treatment following the present accident, and that he was committed to rehabilitation. Christensen also filed 26 letters of support and presented testimony from his sobriety mentor, the owner of the recovery house where he lived, and his partner.

The state opposed the departure. The state acknowledged that Christensen cooperated during the proceedings and had support. The state argued, however, that Christensen's history evidenced "numerous treatment attempts, relapse, a pattern of going back to using, then some sort of law enforcement intervention or contact, a court case, then back to treatment, some sobriety, then a relapse." The state explained that "[w]hat the state struggles with is that [Christensen has] been on notice that he has a problem for over 20 years, and he's continued to get in a vehicle and drive." The state also noted that the presentence investigation, which considered Christensen's entire criminal and treatment history, recommended the presumptive guidelines sentence. The state also submitted victim-impact statements from two of the deceased victim's daughters and from the two surviving victims, who described their injuries from the accident.

After the district court heard from Christensen, who expressed his remorse and desire to rehabilitate himself, the district court recessed to further review the filed documents. After the recess, the district court explained:

As to sentence, I have carefully considered the motion for a downward dispositional departure, as well as a durational departure. I've carefully considered all of the *Trog* factors. I do appreciate the thoroughness in which these issues have been briefed.

I've also reviewed the presentence and I have heard everything everyone has said in the courtroom today, and read all of the submissions that were filed. This is a very difficult situation, as both sides have recognized. There is just abundant pain to go around here.

In view of the entirety of the record, at this time I'm going to deny the defendant's motion for a durational or dispositional departure. I do recognize Mr. Christensen's deep remorse. I recognize the sincerity of the steps he's taken since these events and now, but I don't find there's an appropriate ground to depart from the sentencing guidelines.

The district court sentenced Christensen to an executed sentence of 61.5 months, the minimum guidelines sentence. Christensen appeals.

**DECISION**

Christensen argues the district court abused its discretion by denying his motions for a downward departure and by imposing a guidelines sentence.

The Minnesota Sentencing Guidelines prescribe "a sentence or range of sentences that is 'presumed to be appropriate.'" *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quoting Minn. Sent'g Guidelines 2.D.1). The district court may only depart from the guidelines sentence if it finds substantial and compelling reasons to do so. *Id.* "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Olson*, 765 N.W.2d 662, 664 (Minn. App. 2009). "But the mere fact that a mitigating factor is present in a particular case does not

4

obligate the court to place defendant on probation or impose a shorter term than the presumptive term." *State v. Pegel*, 795 N.W.2d 251, 253-54 (Minn. App. 2011) (quotation omitted).

We review a district court's denial of a sentencing departure for an abuse of discretion. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016). And an appellate court "will not ordinarily interfere with a sentence falling within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure." *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (quotation omitted). As a result, "[w]hen the record contains evidence of factors supporting departure, which could have been, but were not, considered by the district court, we may remand for consideration of those factors." *State v. Johnson*, 831 N.W.2d 917, 925-26 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Sept. 17, 2013). But "[w]e will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Id.* at 925. "[I]t would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). We address Christensen's arguments about his motion for a downward dispositional departure and a downward durational departure in turn.

I. **The district court did not abuse its discretion by denying a downward dispositional departure.**

Christensen argues that the district court abused its discretion by denying a downward dispositional departure because he is particularly amenable to probation. He

5

contends that the district court discounted his success in treatment during pretrial release and that the *Trog* factors demonstrate his particular amenability to treatment. We are unpersuaded.

A defendant's particular amenability to probation is a mitigating factor that may provide a substantial and compelling reason for departure. Minn. Sent'g Guidelines 2.D.3.a(7) (2020); *Bertsch*, 707 N.W.2d at 668. A defendant's amenability to probation can be demonstrated by factors such as the defendant's age, prior record, remorse, cooperation while in court, and the support of friends and family (the *Trog* factors). *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). But even if a district court finds the existence of one or more *Trog* factors based on the record, the district court need not depart from the presumptive sentence. *Wells v. State*, 839 N.W.2d 775, 781 (Minn. App. 2013) (stating that a district court always has discretion to impose a presumptive sentence), *rev. denied* (Minn. Feb. 18, 2014); *Pegel*, 795 N.W.2d at 253-54 (stating that a district court is not required to grant a departure, even if mitigating circumstances are present); *Olson*, 765 N.W.2d at 663 (holding that the district court did not abuse its discretion by refusing to depart from a presumptive sentence, "even if there [was] evidence in the record that the defendant would be amenable to probation").

The record establishes that the district court carefully evaluated the evidence. After hearing from Christensen, the state, the witnesses who spoke on Christensen's behalf, and the victim-impact statements, the district court recessed to review the letters of support submitted on Christensen's behalf and other filed documents. Following the recess, the district court acknowledged the thoroughness of the parties' briefing regarding the *Trog*

factors and the sincerity of Christensen's remorse and the steps he took following the accident. But the district court explained that, "[i]n view of the entirety of the record," a departure was not justified. As a result, contrary to Christensen's contention, the district court credited Christensen for his efforts following the accident and considered them as factors supporting his amenability to probation. The district court nonetheless "deliberately exercised its discretion" to impose the minimum sentence within the presumptive range. *Pegel*, 795 N.W.2d at 255.

On this record, we conclude the district court did not abuse its discretion by denying a downward dispositional departure. *See id.* (concluding that district court did not abuse its discretion when "the record demonstrate[d] that the district court carefully considered circumstances for and against departure and deliberately exercised its discretion").

## II. The district court did not abuse its discretion by denying a downward durational departure.

Christensen also argues that the district court abused its discretion by denying his motion for a downward durational departure because his conduct was less serious than a typical case, relying on his personal history and his assertion that he did not know he would "black out" from taking the prescribed methadone and the nonprescribed benzodiazepine. We are unpersuaded.

A "durational departure is a sentence that departs in length from the presumptive guidelines range." *Solberg*, 882 N.W.2d at 623-24. "A downward durational departure is justified only if the defendant's conduct was significantly less serious than that typically involved in the commission of the offense." *Id.* at 624 (quotation omitted). Thus, the

7

district courts must evaluate "factors that reflect the seriousness of the *offense*, not the characteristics of the offender." *Id.* at 623.

As discussed above, the district court carefully considered the entirety of the evidence and determined that the presumptive sentence was appropriate. As the state argued, Christensen's criminal history evidenced a "repeated pattern" of driving after using controlled substances and, even though the accident was not an intentional act, "it was an intentional choice that [Christensen] made to consume controlled substances and then get behind the wheel." In doing so, Christensen's conduct killed one individual and injured two others. And although we are sympathetic to Christensen's experiences, a durational departure is based on the seriousness of the offense, not the offender's characteristics. *Solberg*, 882 N.W.2d at 623. Given this record, we discern no abuse of discretion in the district court's denial of a downward durational departure.

Our review of the record shows that the district court carefully evaluated the information presented at sentencing and executed a presumptive sentence. This is not such a "rare case" to require a reversal. *Kindem*, 313 N.W.2d at 7. We conclude that the district court did not abuse its discretion by denying Christensen's motions for a downward dispositional departure and a downward durational departure.

**Affirmed.**