*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1794**

State of Minnesota,
Respondent,

vs.

Irineo Ricardo-Cosme,
Appellant.

**Filed January 26, 2026**
**Affirmed**
**Wheelock, Judge**

Washington County District Court
File No. 82-CR-23-2920

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kevin M. Magnuson, Washington County Attorney, Andrew T. Jackola, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Wheelock, Judge; and Halbrooks, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**WHEELOCK**, Judge

Appellant challenges the district court's denial of his motion for a downward dispositional departure, arguing that the district court committed reversible error by failing to consider factors for and against a probationary sentence. We affirm.

**FACTS**

Respondent State of Minnesota charged appellant Irineo Ricardo-Cosme[1] with first-degree criminal sexual conduct for engaging in sexual contact or penetration with a person under the age of 14 while more than 36 months older than that person in violation of Minn. Stat. § 609.342, subd. 1a(e) (2022). The complaint alleged that Cosme engaged in criminal sexual contact with his 11-year-old niece (Child A). We set forth the facts as alleged in the complaint.

In August 2023, law enforcement responded to a report that Child A had been touched on her vagina by Cosme, her uncle. When officers spoke to Child A about the incident, they noticed she was visibly shaken, crying, and upset. Child A's mother asked for an ambulance for Child A, which arrived shortly thereafter.

Child A told one of the officers that, earlier that day while her mother was at work, she was home with Cosme, who lives with her family. Child A said that Cosme pulled her by her arm into his bedroom and had her lie down on his bed while he lay next to her.

---

[1] Appellant's name is misrepresented in the record. The name he uses in his brief to this court is Ricardo Cosme Irineo. We refer to him as Cosme throughout this opinion.

While Child A was lying on her back, Cosme was lying on his side facing her and told her to be quiet.

Child A said that Cosme began touching her on her chest and putting his hand under her pants and underwear and touched her vagina. Child A told officers Cosme used his finger and "slid it inside her body" for what seemed like "a long time." Cosme told Child A not to tell anyone about what happened and that they were just playing around. When Cosme stopped, he told Child A not to tell her mother. Cosme then left the house. When Child A's mother returned, Child A immediately told her what happened, and Child A's mother called law enforcement. After speaking to officers, Child A was taken by ambulance to a hospital. When Cosme returned to the home, he was arrested.

At the plea hearing, Cosme admitted to the facts alleged in the complaint and pleaded guilty to first-degree criminal sexual conduct. Cosme also told the district court that he would be arguing for dispositional and durational departures at sentencing. The district court ordered a presentence investigation (PSI) and a psychosexual evaluation. Evaluators found that Cosme was at high risk for future sexual misconduct and that he accepted responsibility for the offense but "nevertheless lacks insight into his own actions."

At the sentencing hearing, counsel for the state opposed a downward departure, stating that the offense was "far more intrusive" than other first-degree criminal-sexual-conduct offenses because Cosme was trusted in the family home and returned that trust by assaulting Child A. Counsel for the state also noted that the PSI report recommended a 144-month sentence, that Cosme lacked insight into his actions, and that he was found to be at high risk to reoffend.

Cosme's counsel argued that Cosme was particularly amenable to probation because he took responsibility for his actions and was extremely remorseful. Cosme's counsel also noted that, even though both psychosexual evaluations found Cosme at a high risk to reoffend, the second evaluation showed he was motivated to correct his behavior. Cosme then addressed the district court and expressed remorse for his actions.

In considering the requests for departure, the district court stated that it had reviewed the presentence investigation, both psychosexual evaluations, the victim-impact statement, and Cosme's motion. It then observed:

> Because of the relationship of the parties as well, [Cosme] violated the trust the victim and her mother had in him in inviting him into their home and trusting him to be in the presence of her young children. And while the State didn't file a motion for upward departure based on particular vulnerability or violation of position of trust or violating the victim's zone of privacy, all of those things are applicable in this situation. And on some level, they counter any potential mitigating factors that [Cosme] has presented to the Court this morning.

The district court determined that neither type of departure was warranted given the circumstances and facts in the record because it "[did] not find substantial and compelling circumstances to support a departure." The district court sentenced Cosme to a presumptive sentence of 144 months' imprisonment.

Cosme appeals.

## DECISION

Cosme challenges the denial of his motion for a dispositional departure. Cosme argues that the district court failed to consider circumstances for and against departure

4

before imposing the presumptive sentence and failed to grant him a departure when the facts in the record "overwhelmingly supported" one.

A district court has great discretion in sentencing, and we review the district court's sentencing decisions for an abuse of that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). Only in a "rare case" will a reviewing court reverse a district court's imposition of the presumptive sentence. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006); *see also State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010) (stating that we will rarely disturb a district court's decision to impose a sentence within the presumptive guidelines range), *rev. denied* (Minn. July 20, 2010).

The Minnesota Sentencing Guidelines establish the presumptive disposition and duration of a sentence depending on the seriousness of the offense and the defendant's criminal history. Minn. Sent'g Guidelines 1.A, 2.C.1 (Supp. 2023). The district court has discretion to depart from the presumptive disposition or duration if "identifiable, substantial, and compelling circumstances" justify a departure. Minn. Sent'g Guidelines 2.D.1 (Supp. 2023). But departures "are discouraged and are intended to apply to a small number of cases" because "[t]he sentencing guidelines seek to maintain uniformity, proportionality, rationality, and predictability in sentencing of felony crimes." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016) (quotation omitted).

A district court may grant a defendant a durational departure or a dispositional departure. *Id.* A downward durational departure is a sentence that is imposed for a shorter period of time than that indicated by the presumptive range established in the sentencing guidelines and is granted based on an assessment of the seriousness of the offense. *Id.* A

5

downward dispositional departure occurs when a district court stays the execution or imposition of a sentence and is generally granted based on an assessment of the characteristics of the offender—specifically, whether a defendant is particularly amenable to probation. *Id.* However, a district court may consider "both offender- and offense-related factors for a downward dispositional departure." *State v. Walker*, 913 N.W.2d 463, 468 (Minn. App. 2018). Factors that may indicate a particular amenability to probation include the defendant's age, remorse, prior record, cooperation, attitude while in court, and support of friends and family. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (*Trog* factors).

A defendant's mere amenability to probation is insufficient to justify a downward dispositional departure; a court must find the defendant particularly amenable. *Soto*, 855 N.W.2d at 308. "By requiring a defendant to be *particularly* amenable to probation . . . we ensure that the defendant's amenability to probation distinguishes the defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." *Id.* at 309 (quotation omitted). And even if a defendant is particularly amenable to probation, a district court is not required to grant a downward dispositional departure. *State v. Olson*, 765 N.W.2d 662, 664-65 (Minn. App. 2009). "[T]he mere fact that a mitigating factor is present in a particular case does not obligate the [district] court to place [a] defendant on probation." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011) (quotation omitted). Even when there are factors that weigh in favor of a departure, the district court does not abuse its discretion by denying a departure. *See State v. Kindem*, 313 N.W.2d 6, 8 (Minn. 1981) (stating that, "while there

6

may have been arguments for departing downward," the decision to depart is discretionary).

Cosme argues that, because the record overwhelmingly supported a finding that he would be particularly amenable to probation, his sentence should be reversed. Cosme asserts that multiple factors demonstrate he is particularly amenable to probation, including his age, criminal history, remorse, acceptance of reasonability, cooperation in the prosecution and attitude in court, amenability to treatment in the community, and motivation to change. Cosme cites the PSI report and psychosexual evaluation as evidence of his acceptance of responsibility.

However, the district court properly considered the facts in the record, the PSI report, the psychosexual evaluations, the victim-impact statement, and Cosme's motion and determined that Cosme was not particularly amenable to probation. A "reviewing court may not interfere with the sentencing court's exercise of discretion as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985).

Cosme seems to confuse whether a district court abused its discretion in making a decision about a departure request with a decision declining to exercise its discretion to depart from a presumptive sentence. Though he cites the proper consideration for a district court—particular amenability to probation—the existence of any *Trog* factor does not require a district court to find particular amenability to probation; remorse and responsibility do not automatically qualify a defendant for a dispositional departure. *See*

7

*Olson*, 765 N.W.2d at 665 (holding that the district court did not abuse its discretion in granting a presumptive sentence after it reviewed Olson's arguments and considered his remorse, his lack of criminal history, and his codefendant's lesser sentence). Here, the district court properly exercised its discretion in determining that the mitigating factors Cosme presented did not amount to identifiable, substantial, and compelling circumstances that would justify a dispositional departure and did not demonstrate that he was particularly amenable to probation.

Cosme next argues that "it is not enough to simply review [the record] or to consider only factors against and none of the factors for a departure" and cites various opinions in support of this proposition.[2] Only two of the opinions he cites address dispositional departures, however, and they are both distinguishable.

In *Curtiss*, the district court denied Curtiss's motion for a downward durational departure, finding there were "no legitimate reasons for a departure" and sentencing Curtiss to 33 months for burglary. 353 N.W.2d at 263. But we determined that there were, in fact, "legitimate reasons" in the record to warrant a downward departure as well as factors "supporting non-departure." *Id.* We remanded in *Curtiss* because the district court erred by *ignoring* reasons for departure. *Id.* at 264.

In *Mendoza*, we remanded the district court's denial of a dispositional departure because the district court improperly considered Mendoza's immigration status during

---

[2] Cosme cites the following opinions: *State v. Warren*, 592 N.W.2d 440, 452 (Minn. 1999); *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *rev. denied* (Minn. Apr. 16, 2002); *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984).

sentencing. 638 N.W.2d at 486. We held that, under such circumstances, the sentence "may not be appropriate because it cannot be known with certainty whether deportation would have occurred." *Id.* at 484.

The district court here did not ignore the factors for or against departure, like in *Curtiss*, and did not base its decision on improper information, like in *Mendoza*. The district court properly considered the record and determined that Cosme was not particularly amenable to probation. And while a district court "is required to give reasons for departure, an explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence." *Van Ruler*, 378 N.W.2d at 80; *see also Pegel*, 795 N.W.2d at 254 (rejecting Pegel's argument that the district court abused its discretion by failing to discuss each of the *Trog* factors and observing that "there is no requirement that the district court must do so").

At sentencing, the district court noted specifically that it "reviewed . . . the defense motion and memorandum for a departure." While Cosme's motion included arguments for both durational and dispositional departures, it focused primarily on a dispositional departure, asserting that Cosme demonstrated remorse and responsibility and was therefore particularly amenable to probation. The district court acknowledged on the record that it reviewed Cosme's arguments for a downward dispositional departure but found the presumptive sentence was warranted. Although it was not required to provide any explanation because it imposed a presumptive sentence, *see Van Ruler*, 378 N.W.2d at 80, the district court explained its reasoning.

9

The district court pointed to the PSI report and psychosexual evaluations, in which an evaluator determined that Cosme is at high risk to reoffend. The district court also explained that Cosme's violation of Child A's and her mother's trust, Child A's particular vulnerability, and the fact that the offense took place in Child A's zone of privacy "counter any potential mitigating factors that [Cosme] has presented to the Court." *See Solberg*, 882 N.W.2d at 623 (stating that offense-related factors can provide basis for denying a dispositional departure). It is clear that the district court considered the information and arguments presented by both parties during the proceedings. Therefore, based on our review of the record, we cannot say that the district court abused its discretion by denying the dispositional departure motion.

The district court also referenced the Minnesota Sentencing Guidelines to support its determination: "The Court does not find substantial and compelling circumstances to support a departure under Minnesota Sentencing Guidelines Section 2.D.3." That section provides "factors that may be used as reasons for departure," including that "[t]he offender is particularly amenable to probation. This factor may, but need not, be supported by the fact that the offender is particularly amenable to a relevant program of individualized treatment in a probationary setting." Minn. Sent'g Guidelines 2.D.3.a.7 (Supp. 2023).

After this explanation, the district court noted that, based upon the comments it made, it "[did] not find the defendant's offense is less serious than the typical offense and therefore a durational departure is *also* not appropriate in this instance." The use of the word "also" shows that the district court was considering a dispositional departure in

addition to a durational departure.  Thus, the district court found that neither a durational departure *nor* a dispositional departure was appropriate in this case.

Because the district court considered the record and arguments before it when ordering a presumptive sentence and was not required to explain its reasoning for imposing such a sentence, the district court did not abuse its discretion in denying Cosme's motion for a downward dispositional departure.

**Affirmed.**