*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0922**

State of Minnesota,
Respondent,

vs.

Juan Antonio Soto, Jr.,
Appellant.

**Filed April 6, 2026
Affirmed
Harris, Judge**

Kandiyohi County District Court
File No. 34-CR-23-942

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

John E. Mack, New London Law, P.A., New London, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Harris, Judge; and Bond, Judge.

**NONPRECEDENTIAL OPINION**

**HARRIS**, Judge

Appellant challenges the district court's denial of his motion for a downward dispositional departure from the presumptive guidelines sentence following his conviction for felony possession of ammunition or a firearm. Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure because he met all relevant factors and was particularly amenable to probation. Because

the district court did not abuse its discretion when it imposed a sentence within the presumptive range, we affirm.

**FACTS**

In December 2023, law-enforcement officers conducted a search of appellant Juan Antonio Soto Jr.'s home on behalf of probation. While conducting the search, officers found a semi-automatic handgun located under the mattress of Soto's daughter's crib. The officers also found ammunition located above the kitchen cabinets and in the bedroom closet. Officers arrested Soto. At the time of the search, Soto was on probation for a conviction of felony threats of violence under Minnesota Statutes section 609.713, subdivision 1 (2022). Respondent State of Minnesota charged Soto with two counts of felony possession of ammunition or a firearm under Minnesota Statutes section 624.713, subd. 1(2) (2022).

In February 2025, Soto pleaded guilty to one count of felony possession of ammunition or firearm.[1] Prior to his sentencing hearing, Soto moved for a downward dispositional departure based on his particular amenability to probation. Soto submitted a dispositional advisor memorandum, which described his age, background, family history, medical history, criminal history, remorse, and cooperation with probation. Probation completed a presentence investigation (PSI), which recommended that the district court impose the presumptive sentence.

---

[1] As part of the plea agreement, the state dismissed the second count of felony possession of ammunition or a firearm.

At sentencing, Soto apologized and acknowledged that his actions were wrong. He had been attending cognitive behavioral classes and described how they "helped [him] realize that there are consequences for [his] actions." He described his relationship with his daughter, that she was his "biggest motivation," and that he "would continue to do good and stay on the right path for [himself] and [his] family."

Soto's attorney argued that the district court should grant the motion for a downward dispositional departure because Soto had been participating in cognitive behavioral classes and was "on track to complete th[e] program." Soto's attorney noted that Soto had experienced difficulty attending the classes due to medical issues and lack of childcare, but that he "worked with them and worked through his issues and found a way to continue to stay in compliance." Soto's counsel also noted that Soto had shown remorse, accepted responsibility for his actions, and that his record demonstrated his prior success with probation.

The state opposed Soto's departure motion and requested that the district court impose a 60-month prison sentence. The state argued Soto failed to show a particular amenability to probation because he "pick[ed] up new, more serious offenses" just six months after being placed on probation for his prior felony conviction. The state also noted that it was a "struggle" to get Soto to participate in the cognitive behavioral program, and that Soto's probation agent was "bending over backwards" to ensure Soto's compliance.

The district court noted that it had reviewed the PSI report, Soto's departure motion and supporting documents, and the state's memorandum in opposition to Soto's departure motion. The district court expressed concern over the nature of the offense, stating that

having a firearm in a crib showed a "complete and total lack of any concern for following the conditions of probation." The district court also observed that while Soto's probation agent was working "really hard" to ensure Soto was successful, Soto had not shown that same effort. Regarding Soto's particular amenability to probation, the district court noted that while Soto may have demonstrated that he could continue on probation, he did not demonstrate that he was more likely to be successful than other people. The district court denied Soto's motion and sentenced him to 60 months in prison.

Soto appeals.

**DECISION**

The Minnesota Sentencing Guidelines prescribe a sentence or range of sentences that is "presumed to be appropriate." Minn. Sent'g Guidelines 2.D.1 (2022); *see also State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014). The sentencing guidelines provide for dispositional and durational sentencing departures. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016). As relevant here, a downward dispositional departure is "when the presumptive guidelines sentence calls for imprisonment but the district court instead stays execution or imposition of the sentence." *Id.*; Minn. Sent'g Guidelines 2.D.1; *see also Soto*, 855 N.W.2d at 308 (citing this provision of the sentencing guidelines).

The district court may only depart from the guidelines sentence if there are substantial and compelling reasons to do so. *Soto*, 855 N.W.2d at 308; *see also* Minn. Sent'g Guidelines 2.D.1. "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985). But departures are discouraged, as the

4

"sentencing guidelines seek to 'maintain uniformity, proportionality, rationality, and predictability in sentencing' of felony crimes." *Solberg*, 882 N.W.2d at 623 (quoting Minn. Stat. § 244.09, subd. 5 (2014)); *see State v. Jackson*, 749 N.W.2d 353, 357 (Minn. 2008) ("To maintain uniformity and proportionality, departures from the presumptive guidelines sentence are discouraged."). "If the district court has discretion to depart from a presumptive sentence, it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted).

The sentencing guidelines contain a "nonexclusive list" of factors that the district court may consider as reasons for a departure. Minn. Sent'g Guidelines 2.D.3 (2022). One mitigating factor that may provide a substantial and compelling reason for a downward dispositional departure is the defendant's particular amenability to probation. *See State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) ("A defendant's particular amenability to probation justifies a district court's decision to stay the execution of a presumptively executed sentence."); *see also* Minn. Sent'g Guidelines 2.D.3.a(7) (2022).

Soto challenges the district court's denial of his motion for a downward dispositional departure. Soto argues that the district court abused its discretion by denying his motion for a dispositional departure and by imposing a presumptive sentence because he demonstrated that he was particularly amenable to probation by meeting each of the *Trog* factors. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). A defendant's particular amenability to probation can be demonstrated by factors such as the defendant's age, prior

5

record, remorse, cooperation while in court, and the support of friends and family (*Trog* factors).  *Id*.

Here, the district court considered the circumstances for and against departure before imposing a sentence within the presumptive range.  The district court explained that, after looking through Soto's file, it could not find sufficient facts to demonstrate that Soto was particularly amenable to probation.  The district court addressed Soto's participation in the cognitive behavioral program, noting that Soto's probation agent was "working really, really hard to make Mr. Soto successful," but that Soto was not demonstrating the same level of effort.  The district court also addressed Soto's prior record, noting that Soto violated probation "just a short . . . while" after being convicted of felony threats of violence.  The district court stated that keeping a firearm in a crib was "a very concerning offense" and demonstrated a "complete and total lack of any concern for following the conditions of probation."  Thus, the district court concluded that the record did not show that Soto would be amenable to probation and that the legislatively mandated sentence was appropriate.   The record demonstrates that the district court considered counsel's arguments and Soto's own statements to the court before imposing a guidelines sentence. The record shows that after Soto enrolled in cognitive behavioral classes in August 2023, he was terminated from the program three months later due to his lack of participation. Soto reenrolled in the classes a year later, but due to a lack of attendance, was again removed from the program.  The probation agent conducting the PSI reported that Soto's probation officer is "still trying to work with him one-on-one" to complete the program. The record also shows that Soto was arrested for felony possession of a firearm six months

after being placed on probation for his threats-of-violence conviction. Because the district court considered the circumstances for and against departure and its decision is supported by the facts in the record, we discern no abuse of discretion.

To persuade us otherwise, Soto asserts that the district court failed to properly analyze the *Trog* factors, claiming that he met the standard for each factor. We are not persuaded. Soto offers little support demonstrating his particular amenability to probation. For instance, Soto states that "he was only 21 at the time of the offense." But Soto puts forth no argument explaining why his age makes him particularly amenable to probation. Soto also points to his participation in the cognitive behavior program as evidence of his cooperation. But as the record reflected, Soto often did not attend the classes. The district court found that Soto had a history of failing to follow the conditions of probation and was not particularly amenable to probation, and the record supports these findings. As such, no further explanation was required. *See State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985); *see also Wells v. State*, 839 N.W.2d 775, 781 (Minn. App. 2013) (stating that district court always has discretion to impose a presumptive sentence), *rev. denied* (Minn. Feb. 18, 2014). Furthermore, even if Soto satisfied each *Trog* factor, and is particularly amenable to probation, the district court is not required to grant a downward dispositional departure. *State v. Olson*, 765 N.W.2d 662, 664-65 (Minn. App. 2009).

We therefore determine that the district court did not abuse its discretion by denying Soto's request for a downward dispositional departure from the presumptive sentence.

**Affirmed.**